THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD W. STIVERS, Defendant-Appellant.

Second District    No. 2—01—0991

Opinion filed April 15, 2003.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Douglas P. Floski, State's Attorney, of Oregon (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Michael A. Hall, of Peoria, for the People.

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

In separate cases, defendant, Ronald Stivers, pleaded guilty to ag-

gravated criminal sexual assault (720 ILCS 5/12—14(a)(1) (West 1998)) and criminal sexual assault (720 ILCS 5/12—13(a)(1) (West 1998)) and was sentenced to prison terms of 13 years and 9 years, respectively. Defendant filed a postconviction petition. The trial court dismissed the petition, holding that the issues were waived because defendant did not file a direct appeal. Defendant appeals the dismissal of his petition, arguing that the trial court erred by holding that the failure to directly appeal waives all issues on collateral review. He also contends that his petition states the gist of a meritorious constitutional claim. We reverse and remand.

On April 16, 1998, in case No. 98—CF—61, defendant was charged by indictment with criminal sexual assault. On August 6, 1998, in case No. 98—CF—119, defendant was charged by information with aggravated criminal sexual assault. Both charging instruments alleged that defendant committed the offenses in 1994.

In case No. 98—CF—61, defendant pleaded guilty to criminal sexual assault in exchange for a nine-year sentence. In case No. 98—CF—119, he pleaded guilty to aggravated criminal sexual assault in exchange for the State's agreement to recommend a sentence of no more than 20 years' imprisonment. Following a hearing, the trial court sentenced him to 13 years in prison. Defendant did not file a direct appeal.

On January 11, 2001, defendant filed a *pro se* postconviction petition, which he later amended, raising numerous issues. The trial court summarily dismissed the petition, holding that defendant waived the issues by not moving to withdraw his plea or filing a direct appeal. Defendant appeals.

Defendant argues that the trial court incorrectly applied supreme court precedent holding that an issue that could have been raised in an earlier direct appeal is waived for purposes of a postconviction petition. See *People v. Hampton*, 165 Ill. 2d 472, 479 (1995). He argues that, where a defendant does not file a direct appeal, he is not precluded from raising issues in a postconviction proceeding. Citing *People v. Vilces*, 321 Ill. App. 3d 937 (2001), the State responds that, where defendant neither moves to withdraw his plea nor pursues a direct appeal, he is precluded from raising in a postconviction petition most issues concerning the validity of the plea.

■ The Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)) provides a three-stage process to adjudicate petitions filed under it. In the first stage, the circuit court determines whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122—2.1(a)(2) (West 2000). The court, without input from the State, must assess in the summary review stage whether the petition's al-

legations, liberally construed and taken as true, set forth a constitutional claim for relief. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). The court may not engage in any fact-finding or review matters beyond the petition's allegations. *People v. Coleman*, 183 Ill. 2d 366, 380-81 (1998).

To survive dismissal at this stage, the petition must present only "the gist of a constitutional claim." *Gaultney*, 174 Ill. 2d at 418. If the court finds the petition frivolous or patently without merit, it must dismiss it. 725 ILCS 5/122—2.1(a)(2) (West 2000). If the petition survives the initial stage, the court may appoint counsel to represent an indigent defendant and counsel will have an opportunity to amend the petition. *People v. Watson*, 187 Ill. 2d 448, 451 (1999).

The Illinois Supreme Court has held that a trial court may dismiss a postconviction petition at the first stage only if the petition fails to meet the "low threshold" of presenting the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001); see also *People v. Boclair*, 202 Ill. 2d 89, 100-01 (2002). Particularly, in *Boclair*, the supreme court ruled that a trial court may not dismiss a postconviction petition at the first stage because it is untimely. *Boclair*, 202 Ill. 2d at 100-01. The court emphasized the plain statutory language that the court may dismiss a petition at the initial stage only if it is "frivolous or *** patently without merit." *Boclair*, 202 Ill. 2d at 100-01. The court stated that timeliness is akin to an affirmative defense that the State can either raise, waive, or forfeit. *Boclair*, 202 Ill. 2d at 101.

Like timeliness, waiver is in the nature of an affirmative defense that the State may either raise, waive, or forfeit. Whether an issue is waived does not determine whether an issue has merit. Similar to the statute of limitations question in *Boclair*, the State should be required to raise any waiver issue in a motion to dismiss or forfeit the issue. The trend of recent cases such as *Boclair* and *Edwards* is to curtail trial courts' authority to dispose of postconviction petitions at the first stage. Pleading niceties and procedural technicalities should not be considered, and early dismissal is warranted only where a petition's allegations clearly lack substantive merit.

■ Under this standard, defendant's petition meets the "low threshold" of stating the gist of a constitutional claim. Defendant alleges that his trial counsel was ineffective because he did not move to dismiss the charging instruments on statute of limitations grounds. Although the general statute of limitations for felonies is three years (720 ILCS 5/3—5(b) (West 2000)), the indictment and information, issued in 1998, allege that defendant committed his crimes in 1994 and do not allege any facts that would extend the statute of limitations.

See *People v. Gwinn*, 255 Ill. App. 3d 628, 631 (1994) (if charging instrument shows on its face that statute of limitations has run, it must allege facts invoking an extended limitations period or tolling the statute of limitations).

At the relevant time, section 3—6(h) of the Criminal Code of 1961 provided a five-year statute of limitations for specified sex crimes "if the victim reported the offense to law enforcement authorities within 2 years after the commission of the offense." 720 ILCS 5/3—6(h) (West 1998) (now codified, as amended, at 720 ILCS 5/3—6(i) (West 2000)). However, the charging instruments here do not specifically allege reliance on section 3—6 or that the victims reported the offenses within two years.

Defendant's petition states, at a minimum, the gist of a claim that counsel was ineffective for not moving to dismiss the charging instruments. It is conceivable, of course, that the State could have obtained amended charging instruments and that counsel accordingly made a strategic decision to forgo that formality, but we cannot make that decision from the present record. Defendant has stated the gist of a constitutional claim and his petition should advance to the second stage of the postconviction procedure.

The judgment of the circuit court of Ogle County is reversed, and the cause is remanded.

Reversed and remanded.

HUTCHINSON, P.J., and BOWMAN, J., concur.