THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KURT W. CLEVELAND, Defendant-Appellant.

Second District    No. 2—02—0088

Opinion filed August 27, 2003.

G. Joseph Weller and Mark G. Levine, both of State Appellate Defender's Office, of Elgin, for appellant.

Gary W. Pack, State's Attorney, of Woodstock (Robert J. Biderman and Charles F. Mansfield, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

Following a jury trial in the circuit court of McHenry County, defendant, Kurt W. Cleveland, was convicted of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(A) (West 1998)) and was sentenced to 18 years' imprisonment. We affirmed the conviction. *People v. Cleveland*, No. 2—99—0719 (2001) (unpublished order under Supreme Court Rule 23). Defendant then filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)), alleging, *inter alia*, that he received ineffective assistance of counsel at trial because his attorney instructed him to testify falsely. The trial court summarily dismissed the petition (see 725 ILCS 5/122—2.1(a)(2) (West 2000)), and defendant appeals. We affirm.

Defendant was arrested on the morning of December 23, 1998, after police executed a warrant to search for controlled substances at the home of Rebecca Colborn in Algonquin. The police entered the home by force and found defendant in bed with Colborn. An officer asked defendant where the drugs were. Defendant pointed to a pillowcase, which was found to contain cocaine and two bundles of cash totaling close to $700. The police also found an electronic scale, some spoons, and a mirror. In addition, some checks and other papers belonging to defendant were discovered during the search, as were Christmas presents from "Wolf" (defendant's nickname) to Colborn's children.

A police informant testified that two days earlier he had purchased cocaine from Colborn. The transaction took place in Colborn's bedroom

and defendant was present at the time. Asked if he had previously seen defendant at Colborn's home, the informant responded, "No, not really."

Defendant testified that he was a friend of Colborn and she had hired him to help remodel her house. On the night before he was arrested, defendant stayed with Colborn in her bedroom, drinking and using cocaine that belonged to Colborn. Defendant testified that he was addicted to cocaine. According to defendant, when the police entered Colborn's home, she took drugs that were sitting on a table in the bedroom and placed them in a pillowcase. Defendant pointed at the pillowcase when the police asked him where the drugs were. On cross-examination, defendant testified that Colborn provided him with cocaine in exchange for companionship. On redirect examination, defendant explained that "companionship" meant sex.

In his *pro se* postconviction petition, defendant alleged, *inter alia*, that his attorney had told him to falsely testify that Colborn had given him cocaine in exchange for sex. According to defendant, his attorney expressed the view that Colborn was ugly. Defendant's attorney allegedly told him that "once the jury sees [Colborn], they will know you could have done a lot [*sic*] better, and you were there for the drugs and sex only." The trial court summarily dismissed this and other ineffective-assistance-of-counsel claims on the basis that the issue of ineffective assistance of counsel was "previously dealt with by the Appellate Court." This appeal followed.

■ Postconviction proceedings are designed to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, nor could they have been, adjudicated previously on direct appeal. *People v. Lucas*, 203 Ill. 2d 410, 417-18 (2002). As such, issues considered on direct appeal are barred by the doctrine of *res judicata*, and issues that could have been raised on direct appeal are deemed waived. *Lucas*, 203 Ill. 2d at 418. The Act provides that if the trial court finds that a postconviction petition is "frivolous or is patently without merit," the court shall summarily dismiss the petition "in a written order specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122—2.1(a)(2) (West 1998).

■ Here, the trial court's written order indicates that it dismissed the claim at issue—that counsel instructed defendant to testify falsely—on *res judicata* grounds. In his direct appeal, defendant argued that trial counsel was ineffective because he failed to move for substitution of judges, failed to interview Colborn, and failed to object to certain prosecutorial comments. We agree with defendant that the postconviction claim presently under consideration is sufficiently dif-

ferent from the issues raised on direct appeal that the doctrine of *res judicata* does not apply.

■ The State argues, however, that dismissal was proper because the claim is waived. The facts underlying defendant's claim—that his attorney instructed him to give false testimony—were not part of the record in defendant's direct appeal. The waiver rule does not apply to claims that depend on evidence outside the record. *People v. Wright*, 329 Ill. App. 3d 462, 467 (2002). Nevertheless, the State contends that this principle does not apply here. In his posttrial motion, defendant contended that trial counsel was ineffective and the trial court appointed a different attorney to assist defendant in presenting the motion. The State argues that because defendant was aware that trial counsel directed him to testify falsely, his new attorney could have raised the issue in the trial court and the issue therefore could have been raised on direct appeal. It is unnecessary to address the question of waiver, however, because we have held that waiver is not a proper basis for summarily dismissing a postconviction petition. *People v. Stivers*, 338 Ill. App. 3d 262, 264 (2003).

■ As noted, summary dismissal is proper when the trial court determines that a postconviction petition is frivolous or patently without merit. To avoid dismissal at this stage, the petition must state the gist of a meritorious claim. *Stivers*, 338 Ill. App. 3d at 264. Some controversy exists, however, as to whether a reviewing court can make this determination when the trial court has improperly entered a summary dismissal on some other basis. *People v. Blair*, 338 Ill. App. 3d 429, 432 (2003), held that it was inappropriate to consider for the first time on appeal whether the petition was frivolous or patently without merit. On the other hand, in *Stivers*, this court reached the question of whether the petition stated the gist of a constitutional claim, as did the court in *People v. Little*, 335 Ill. App. 3d 1046, 1051 (2003), which observed that a reviewing court may affirm on any basis supported by the record.

In our view, *Little* and *Stivers* represent the better reasoned approach. It is a long-standing principle that "it is not the trial court's reasoning which is the subject of this court's review, but, rather, its judgment" (*People v. Norks*, 137 Ill. App. 3d 1078, 1082 (1985)), and we see no sound reason not to apply the principle in the present setting. We recognize that in *People v. Brothers*, 179 Ill. App. 3d 788, 791 (1989), this court stated that it had no jurisdiction to initially determine whether a postconviction petition was frivolous or patently without merit. *Brothers* cited *People v. Day*, 152 Ill. App. 3d 416, 421 (1987), which, in turn, cited section 122—1 of the Act for the proposition that "[j]urisdiction to determine whether [the defendant's] peti-

tion is frivolous or patently without merit is vested in 'the court in which the conviction took place.' " *Day*, 152 Ill. App. 3d at 421, quoting Ill. Rev. Stat. 1985, ch. 38, par. 122—1. In actuality, the quoted portion of the statute merely indicates where the petition must be filed and has no bearing on the jurisdiction of the reviewing court. Accordingly, we overrule *Brothers* to the extent that it held that a reviewing court lacks jurisdiction to initially determine whether a postconviction petition is frivolous or patently without merit, and we turn our attention to that question in this case.

■ Defendant contends that his petition stated the gist of a claim of ineffective assistance of counsel. Under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), a defendant claiming ineffective assistance of counsel must show that his counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068.

■ Defendant argues that counsel's alleged strategy based on the use of false testimony was necessarily unreasonable. Defendant maintains that he suffered prejudice because his embellished testimony undermined his credibility in the jurors' eyes. He contends that the State's evidence was not particularly compelling and that, but for his false testimony, there is a reasonable probability that the jury would have acquitted him. We conclude that the claim is patently without merit as a matter of law. All defendants must be presumed to know that if they choose to testify they must testify truthfully. Defendants are not entitled to rely on a lawyer's advice to testify falsely, and if they do so, there is no sound reason to treat them any differently from defendants who testify falsely entirely on their own initiative. If the allegations of defendant's postconviction petition are true, his complicity with his attorney in presenting false testimony forecloses a claim of ineffective assistance of counsel. *People v. Martin*, 143 Ill. App. 3d 818, 821 (1986).

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

HUTCHINSON, P.J., and McLAREN, J., concur.