803 N.E.2d 570 (2004)
345 Ill. App.3d 742
281 Ill.Dec. 166
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Charles SMITH, Defendant-Appellant.
No. 2-02-0966.
Appellate Court of Illinois, Second District.
January 14, 2004.
*572 G. Joseph Weller, Deputy Defender, and R. Christopher White (Court-appointed), Office of the State Appellate Defender, Elgin, for Charles Smith.
Paul A. Logli, Winnebago County State's Attorney, Rockford, Martin P. Moltz, Deputy Director, Diane L. Campbell, State's Attorneys Appellate Prosecutor, Elgin, for the People.
Justice BYRNE delivered the opinion of the court:
A jury found defendant, Charles Smith, guilty of burglary (720 ILCS 5/19-1 (West 1998)), a Class 2 felony. The trial court imposed a 24-year, Class X prison term based, in part, on defendant's criminal history. On direct appeal, defendant argued that (1) his sentence was excessive, (2) his trial counsel was ineffective and prejudiced against him, and (3) the trial court erroneously admitted certain evidence. This court affirmed the conviction and sentence. *573 People v. Smith, No. 2-00-0461 (2001) (unpublished order under Supreme Court Rule 23).
Defendant filed a pro se petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 et seq. (West 2002)), alleging that (1) he was denied pretrial notice under section 111-3(c) of the Code of Criminal Procedure of 1963 (Code of Criminal Procedure) (725 ILCS 5/111-3(c) (West 1998)) that the State intended to seek a Class X sentence and (2) section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 1998)) violated his right to equal protection under the law because it irrationally prescribes harsher sentences for repeat offenders if they are at least 21 years old.
The trial court dismissed the petition at the first stage of postconviction review, entering a written order entitled, "ODER DISMISSING POST CONVICTION PETITION AS `FRIVOLOUS AND/OR PATENTLY WITHOUT MERIT.'" The court concluded that "defendant raised no new constitutionally cognizable claims. The sum and substance of defendant's claims were raised at trial, post-trial, and on direct appeal and defendant is thereby barred from relitigating the same issues."
Defendant appealed, and the trial court appointed the office of the State Appellate Defender to represent him. The Appellate Defender moved to withdraw as counsel, and we denied the motion and directed counsel to brief any potentially meritorious issues. Defendant now argues that it is unclear whether the trial court dismissed the petition on the basis of res judicata or frivolousness, and that this ambiguity mandates a reversal and a remand for further proceedings in the trial court. The State contends that the trial court dismissed the petition based on frivolousness and alternatively argues that we may review the merits of the petition de novo.
Courts have emphasized that postconviction proceedings are designed to permit inquiry into constitutional issues involved in the original conviction and sentence that were not, nor could have been, adjudicated previously on direct appeal. People v. Lucas, 203 Ill.2d 410, 417-18, 272 Ill.Dec. 298, 787 N.E.2d 113 (2002); People v. Cleveland, 342 Ill.App.3d 912, 914, 277 Ill.Dec. 486, 796 N.E.2d 201 (2003). The Act provides that if the trial court finds that a postconviction petition is "frivolous or is patently without merit," the court shall summarily dismiss the petition "in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2002).
Defendant cites People v. Boclair, 202 Ill.2d 89, 273 Ill.Dec. 560, 789 N.E.2d 734 (2002), for the proposition that "a court may not dismiss a petition on the basis of untimeliness, waiver, or res judicata." In People v. McCain, 312 Ill.App.3d 529, 531, 245 Ill.Dec. 130, 727 N.E.2d 383 (2000), a case consolidated with Boclair in the supreme court, the trial court summarily dismissed a postconviction petition based on three factors: untimeliness, waiver, and res judicata. The Appellate Court, Fifth District, reversed the dismissal, holding that the trial court could not consider untimeliness, waiver, or res judicata at the initial stage of postconviction proceedings. Our supreme court affirmed the appellate court's ruling, concluding only that the trial court should not have considered the timeliness issue. Boclair, 202 Ill.2d at 113, 273 Ill.Dec. 560, 789 N.E.2d 734. The supreme court did not comment on whether a trial court may cite waiver or res judicata when summarily dismissing a postconviction petition. People v. Smith, 341 Ill.App.3d 530, 536, 276 Ill.Dec. 472, 794 N.E.2d 367 (2003) ("Boclair does not *574 specifically address the defenses of waiver and res judicat"
The waiver issue was squarely addressed in Cleveland, where sheld that the for summarily dismissing a postconviction petition." Cleveland, 342 Ill.App.3d at 915. This court has yet to consider whether a trial court may cite res judicata as a basis for dismissing a postconviction petition at the initial stage of the proceedings, and the appellate court has not reached a consensus on the question. Compare Smith, 341 Ill.App.3d at 537 (First District, First Division) ("we do not necessarily agree that Boclair compels similar treatment for the defenses of waiver and res judicata as it does for timeliness"), with People v. McGhee, 337 Ill.App.3d 992, 995-96, 787 N.E.2d 324, 272 Ill.Dec. 509 (2003) (First District, Third Division) (the trial court may not rely on res judicata or waiver to summarily dismiss a first-stage postconviction petition because, like timeliness, res judicata and waiver constitute procedural bars and do not address the substantive merit of the defendant's claims).
In People v. Lucas, 203 Ill.2d 410, 787 N.E.2d 113, 272 Ill.Dec. 298 (2002), the supreme court reviewed the summary dismissal of a postconviction petition and stated that "any issues considered by the court on direct appeal are barred by the doctrine of res judicata, and issues which could have been raised on direct appeal are deemed waived." Lucas, 203 Ill.2d at 418. One might interpret Lucas as authorizing a circuit court to cite res judicata as a basis for dismissing a postconviction petition at the initial stage of the proceedings. However, in light of our decision in Cleveland, we need not effect such an interpretation.
In Cleveland, we held that the appellate court may independently determine that a postconviction petition is frivolous and patently without merit based on the totality of the record. Cleveland, 342 Ill.App.3d at 916; see also People v. Little, 335 Ill.App.3d 1046, 782 N.E.2d 957, 270 Ill.Dec. 398 (2003) (Fourth District). We reject defendant's request to abandon our holding in Cleveland because he offers no persuasive argument for doing so. Because "`it is not the trial court's reasoning which is the subject of this court's review, but, rather, its judgment,'" we review the correctness of the dismissal of the petition de novo. See Cleveland, 342 Ill.App.3d at 915, quoting People v. Norks, 137 Ill.App.3d 1078, 1082, 484 N.E.2d 1261, 92 Ill.Dec. 406 (1985).
In his petition, defendant claims that he was denied notice under section 111-3(c) of the Code of Criminal Procedure that the State intended to seek a Class X sentence. Section 111-3(c) provides as follows:
"When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. *** For the purposes of this Section, `enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5-5-1 of the `Unified Code of Corrections' ***; it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111-3(c) (West 2002).
As in this case, the defendant in People v. Jameson, 162 Ill.2d 282, 642 N.E.2d 1207, 205 Ill.Dec. 90 (1994), was convicted of *575 burglary, a Class 2 felony, and sentenced as a Class X offender based on his prior felony convictions. Jameson, 162 Ill.2d at 284, 205 Ill.Dec. 90, 642 N.E.2d 1207. The defendant argued that, because the charging instrument did not mention the possibility of a Class X sentence, he was denied his right to notice under section 111-3(c) of the Code of Criminal Procedure. The supreme court rejected the argument and held as follows:
"When the language of section 111 3(c) is considered in light of the legislative history of that statute, it is evident that the legislature intended that statute to reach those instances in which a prior conviction elevates the classification of the offense with which a defendant is charged and convicted, rather than simply the sentence imposed. The legislature did not intend to require the State to give defendants pretrial notice that they would be sentenced as Class X offenders pursuant to section 5-5-3." (Emphasis in original.) Jameson, 162 Ill.2d at 288, 205 Ill.Dec. 90, 642 N.E.2d 1207.
Thus, the supreme court has already rejected the precise argument that defendant raises in his postconviction petition. We conclude that the trial court did not err in dismissing his claim under section 111-3(c) of the Code of Criminal Procedure as frivolous and patently without merit. See Jameson, 162 Ill.2d at 292, 205 Ill.Dec. 90, 642 N.E.2d 1207; Cleveland, 342 Ill.App.3d at 914, 277 Ill.Dec. 486, 796 N.E.2d 201.
We next address whether section 5-5-3(c)(8) of the Unified Code of Corrections denied defendant's right to equal protection by prescribing a harsher sentence because he was more than 21 years old. Section 5-5-3(c)(8) provides in pertinent part:
"When a defendant, over the age of 21 years, is convicted of a Class 1 or Class 2 felony, after having twice been convicted of any Class 2 or greater Class felonies in Illinois, and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender."(Emphasis added.) 730 ILCS 5/5-5-3(c)(8) (West 1998).
We note that in People v. Mendoza, 342 Ill.App.3d 195, 276 Ill.Dec. 963, 795 N.E.2d 316 (2003), we held that a person is "over the age of 21 years" for the purposes of section 5-5-3(c)(8) if he is convicted of an offense anytime after turning 21. Mendoza, 342 Ill.App.3d at 199, 276 Ill.Dec. 963, 795 N.E.2d 316.
Statutes are presumed constitutional. The party challenging the validity of a statute has the burden of clearly establishing that it is unconstitutional. People v. Fisher, 184 Ill.2d 441, 448, 235 Ill.Dec. 454, 705 N.E.2d 67 (1998). It is our duty to construe acts of the legislature so as to uphold their constitutionality and validity if it can be reasonably done, and, further, if their construction is doubtful, the doubt will be resolved in favor of the validity of the law attacked. The constitutionality of a statute is a question of law that we review de novo. Fisher, 184 Ill.2d at 448, 235 Ill.Dec. 454, 705 N.E.2d 67. The legislature is more aware of the evils confronting society and therefore is more capable of measuring the seriousness of offenses. People v. Koppa, 184 Ill.2d 159, 171, 234 Ill.Dec. 479, 703 N.E.2d 91 (1998). As a result, courts are reluctant to invalidate penalties that the legislature has established. People v. Lee, 167 Ill.2d 140, 145, 212 Ill.Dec. 231, 656 N.E.2d 1065 (1995).
Illinois courts use the same analysis in assessing equal protection claims under both the federal and state constitutions. People v. Reed, 148 Ill.2d 1, 7, 169 Ill.Dec. 282, 591 N.E.2d 455 (1992). *576 Equal protection requires that government deal with "similarly situated" individuals in a similar manner. It does not deny a state the power to draw lines that treat different classes of persons differently. Only when the law "`lays an unequal hand on those who have committed intrinsically the same quality of offense'" does the equal protection clause come into play. People v. Bradley, 79 Ill.2d 410, 416, 38 Ill.Dec. 575, 403 N.E.2d 1029 (1980), quoting Skinner v. Oklahoma, 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655, 1660 (1942). The guarantee of equal protection does, however, prohibit the State from according unequal treatment to persons placed by a statute into different classes for reasons wholly unrelated to the purpose of the legislation.
To ensure that the State has not arbitrarily exercised its power to classify, our supreme court has used two standards of judicial review. Strict scrutiny is applied to certain "suspect" classifications, such as those based on race, and to statutes that impinge on fundamental constitutional rights; laws that do not implicate these concerns are subject to rational basis review. Reed, 148 Ill.2d at 7, 169 Ill.Dec. A law will not survive strict scrutiny unless it is necessary to promote, and is narrowly tailored to serve, a compelling state interest. Under the rational basis test, a statutory classification need only bear a rational relationship to a legitimate state goal. Reed, 148 Ill.2d at 7-8, 169 Ill.Dec. 282, 591 N.E.2d 455.
It is clear that the rational basis standard applies to classifications based on age. Reed, 148 Ill.2d at 8, 169 Ill.Dec. 282, 591 N.E.2d 455. An equal protection challenge governed by this standard is limited: if any state of facts may be reasonably conceived to justify the enactment, it must be upheld. There must be a rational basis for distinguishing the class to which the law applies from that to which it does not. Thus, the issue presented here is whether there is a rational basis for punishing repeat offenders who are at least 21 years old more severely than those who are less than 21. See Reed, 148 Ill.2d at 9, 169 Ill.Dec. 282, 591 N.E.2d 455.
We must examine the purpose of a statutory classification to determine whether it is justified by a rational basis. Reed, 148 Ill.2d at 9, 169 Ill.Dec. 282, 591 N.E.2d 455. Under section 5-5-3(c)(8), the legislature manifested its intent to subject defendants at least 21 years old and convicted of Class 1 or Class 2 felonies to an enhanced sentencing range of 6 to 30 years. People v. Thomas, 171 Ill.2d 207, 223, 215 Ill.Dec. 679, 664 N.E.2d 76 (1996). In Mendoza, we described the rationale for distinguishing repeat offenders based on age:
"Becoming 21 years old is a significant milestone in our society, and Illinois's legislative scheme reflects this. For example, persons `under 21' years old generally may not consume alcohol. 235 ILCS 5/6-20 (West 2002). The Juvenile Court Act of 1987 defines a `minor' as `a person under the age of 21 years' (705 ILCS 405/1-3(10), 5-105(10) (West 2002)) and an `adult' as `a person 21 years of age or older' (705 ILCS 405/1-3(2) (West 2002)). See also 720 ILCS 570/312(c)(2) (West 2002) (providing that a pharmacist may dispense certain controlled substances for medical purposes but only to `a person over 21 years of age').
In discussing section 5-5-3(c)(8), this court has adopted the commonly understood meaning of `over 21.' We stated:
[The statute] presumes that persons under the age of 21 have great rehabilitative potential since a sentence will not be increased until after a defendant reaches age 21. Our interpretation is consistent with the goal of prescribing a sentence that is proportionate to the seriousness of the offense *577 with regard to the presumption that minors should be rehabilitated.' People v. Storms, 254 Ill.App.3d 139, 142, 193 Ill.Dec. 291, 626 N.E.2d 324 (1993)."
Mendoza, 342 Ill.App.3d at 198-99, 276 Ill.Dec. 963, 795 N.E.2d 316.
We conclude that the classification of previously convicted defendants based on whether they are at least 21 years old is not irrational because the attainment of the age of 21 is a well-recognized "significant milestone in our society." Mendoza, 342 Ill.App.3d at 198, 276 Ill.Dec. 963, 795 N.E.2d 316. Moreover, we conclude that the goal of rehabilitating repeat offenders who are less than 21 years old provides a rational basis and reasonable method for punishing older repeat offenders more severely under section 5-5-3(c)(8) of the Unified Code of Corrections. See People v. Hudson, 95 Ill.App.3d 350, 356, 50 Ill. Dec. 954, 420 N.E.2d 271 (1981) ("Many sentencing alternatives differ as between juveniles and adults," and these alternatives are the province of legislative discretion); cf. Reed 148 Ill.2d at 10, 169 Ill. Dec. 282, 591 N.E.2d 455 (a defendant's right to equal protection is not violated by a statute that punishes adult sex offenders more severely if they are at least five years older than their minor victims). We conclude that defendant's right to equal protection was not violated when his age mandated a Class X sentence under section 5-5-3(c)(8).
For the preceding reasons, the judgment of the circuit court of Winnebago County is affirmed.
Affirmed.
GROMETER and CALLUM, JJ., concur.