THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM SUTHERLAND, Defendant-Appellant.

First District (6th Division)   No. 1—01—3770

Opinion filed January 30, 2004.

Michael J. Pelletier and Adam L. Frankel, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Joan F. Frazier, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant William Sutherland appeals from the trial court's first-stage dismissal of his *pro se* petition for relief pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq.* (West 2000)) (the Act). For the reasons discussed herein, we vacate the trial court's order dismissing defendant's postconviction petition and remand for proceedings under sections 122—4 through 122—6 of the Act.

Following a jury trial, defendant was convicted of two counts each of attempted first degree murder, aggravated battery with a firearm, and home invasion. The trial court sentenced defendant to 30 years for each count of attempted murder and 30 years for one count of home invasion, with the sentences to be served consecutively for a total sentence of 90 years in prison.

In his direct appeal, defendant contended that: (1) the trial court abused its discretion in finding that a six-year-old child was competent to testify; (2) the State failed to prove his guilt beyond a reasonable doubt; (3) the trial court erred in incarcerating defendant's counsel overnight for contempt during the trial; and (4) prosecutors made improper statements in closing argument. Defendant also argued that his consecutive 30-year sentences violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and that his 90-year sentence was excessive in light of his rehabilitative potential. This court rejected those assertions and affirmed defendant's convictions and sentence. *People v. Sutherland*, 317 Ill. App. 3d 1117, 743 N.E.2d 1007 (2000). The Illinois Supreme Court denied defendant's petition for leave to appeal. *People v. Sutherland*, 195 Ill. 2d 594, 755 N.E.2d 482 (2001).

On May 23, 2001, defendant filed a *pro se* petition for postconviction relief, alleging that: (1) several State witnesses offered perjured testimony; (2) due to his counsel's overnight incarceration, he was denied his right to present a defense; (3) he was denied the ability to cross-examine the six-year-old witness at a competency hearing; (4) prosecutorial misconduct prevented him from receiving a fair trial; (5) the trial court failed to address the prosecutors' misconduct; and (6) his trial counsel was ineffective in several respects. Defendant also asserted that his appellate counsel was ineffective for failing to raise some of those issues in his direct appeal.

On August 10, 2001, the trial court entered a written order dismissing defendant's postconviction petition as frivolous and patently without merit. The trial court held that the six claims delineated above either were raised or could have been raised on direct appeal. The court stated that *res judicata* barred reconsideration of defendant's claim regarding his right to present a defense, as well as his allegations of prosecutorial misconduct and the trial court's purported inaction. The court held that defendant's remaining assertions were waived because they could have been raised on direct appeal. As to defendant's claims of ineffective assistance of appellate counsel, the court concluded that defendant had not shown that his attorney's failure to raise certain issues affected the outcome of his appeal.

Defendant now contends that pursuant to *People v. Boclair*, 202 Ill. 2d 89, 789 N.E.2d 734 (2002), the trial court improperly dismissed his postconviction petition on waiver and *res judicata* grounds at the first stage of postconviction proceedings. Defendant also argues that his petition stated the gist of a constitutional claim regarding the denial of his right to counsel. In addition, he asserts that the trial court issued an erroneous jury instruction, a contention that was not included in his postconviction petition.

■ ■ Before addressing defendant's specific assertions, it is necessary to set out the general principles of postconviction proceedings and the three-stage procedure for analyzing petitions filed pursuant to the Act. A postconviction petition is a collateral attack on a prior conviction and sentence, and as such, it is not a substitute for or an addendum to a direct appeal. *People v. Rissley*, 206 Ill. 2d 403, 411-12, 795 N.E.2d 174, 178 (2003). The scope of a postconviction proceeding is limited to constitutional matters that have not been, and could not have been, previously adjudicated. *Rissley*, 206 Ill. 2d at 412, 795 N.E.2d at 179. Thus, any issues that could have been raised on direct appeal but were not are procedurally defaulted, and any issues that were previously decided by a reviewing court are barred by the

doctrine of *res judicata. Rissley*, 206 Ill. 2d at 412, 795 N.E.2d at 179, citing *People v. Ruiz*, 132 Ill. 2d 1, 547 N.E.2d 170 (1989), and *People v. Silagy*, 116 Ill. 2d 357, 507 N.E.2d 830 (1987). To be considered timely, a postconviction petition must be filed within six months of the completion of direct review of the defendant's conviction, if such review is sought, or within three years of the date of the defendant's conviction, whichever is earlier. 725 ILCS 5/122—1(c) (West 2000).

■ At the first stage of postconviction proceedings, the trial court examines the petition to determine whether it is frivolous or patently without merit and may dismiss the petition on that basis. 725 ILCS 5/122—2.1(a)(2) (West 2000). At this stage, neither the petitioner nor the State offers any arguments to supplement the petition; rather, the trial court makes an independent assessment whether the allegations in the petition set forth a constitutional claim for relief. *Boclair*, 202 Ill. 2d at 99, 789 N.E.2d at 740-41. The trial court is precluded from engaging in any fact-finding or review of matters outside the allegations of the petition. *Boclair*, 202 Ill. 2d at 99, 789 N.E.2d at 741. To survive dismissal at the first stage of postconviction proceedings, the defendant's petition need only state "the gist of a constitutional claim." *Boclair*, 202 Ill. 2d at 99-100, 789 N.E.2d at 741. At this stage, the petition must only set forth a limited amount of detail and need not present an entire constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 245, 757 N.E.2d 442, 446 (2001).

■ If the trial court does not dismiss the postconviction petition at this stage, the court dockets the petition for further consideration under sections 122—4 through 122—6 of the Act. 725 ILCS 5/122—2.1(b) (West 2000). At the second stage, the court may appoint counsel for the defendant if the defendant is indigent, and counsel may amend the petition. The State has 30 days to answer or move to dismiss the petition. 725 ILCS 5/122—5 (West 2000). The trial court then determines whether the allegations in the petition, as supported by the trial record or accompanying affidavits and liberally construed in favor of the petitioner, make a substantial showing of a constitutional violation. *Rissley*, 206 Ill. 2d at 412, 795 N.E.2d at 179. If the trial court does not dismiss the petition at this stage, the petition proceeds to the third stage of postconviction review, where pursuant to section 122—6, the trial court holds an evidentiary hearing to resolve questions of disputed fact. On appeal, the trial court's decision to dismiss the petition without an evidentiary hearing is reviewed *de novo*. *People v. Harris*, 206 Ill. 2d 1, 13, 794 N.E.2d 314, 323-24 (2002).

■ Defendant's first argument to this court requires a review of *Boclair* and other recent cases that have refined the circumstances under which the trial court may summarily dismiss a postconviction

petition. In *Boclair*, our supreme court held that at the first stage of postconviction review, a trial court cannot dismiss a postconviction petition on the basis that the petition is untimely. *Boclair*, 202 Ill. 2d at 99, 789 N.E.2d at 740. Studying the Act's construction and gleaning the legislature's intent, the *Boclair* court noted that section 122—2.1(a)(2) orders the trial court to dismiss a petition only if it is frivolous or lacks substantive merit, not if the defendant failed to file the petition within the time limits of section 122—1(c). *Boclair*, 202 Ill. 2d at 99, 789 N.E.2d at 740.

Since *Boclair*, this court has held that, in addition to timeliness, a trial court cannot dismiss a postconviction petition at the first stage of proceedings on grounds of *res judicata* or waiver. See *People v. Blair*, 338 Ill. App. 3d 429, 788 N.E.2d 240 (2003), *appeal allowed*, 205 Ill. 2d 594 (2003); *People v. McGhee*, 337 Ill. App. 3d 992, 787 N.E.2d 324 (2003). *McGhee* noted that although *Boclair*'s holding only addressed the issue of timeliness, the supreme court in *Boclair* affirmed *People v. McCain*, 312 Ill. App. 3d 529, 727 N.E.2d 383 (2000), which held that postconviction petitions could not be dismissed at the first stage of proceedings based on timeliness, waiver or *res judicata*. *Boclair*, 202 Ill. 2d at 95-96, 789 N.E.2d at 738. *McGhee* likened the doctrines of waiver and *res judicata* to the issue of timeliness, stating that waiver and *res judicata* do not address the substantive merits of a petition but rather "constitute procedural bars to a defendant's right to prevail on a claim, regardless of its substantive merit." *McGhee*, 337 Ill. App. 3d at 995, 787 N.E.2d at 326.

Less than two weeks after *McGhee*, *Blair* reached the same result, relying on *Boclair* and *McGhee*. *Blair*, 338 Ill. App. 3d at 431-32, 788 N.E.2d at 242. Furthermore, the appellate court in *Blair* rejected the State's request that it review the substance of the defendant's petition and affirm the petition's dismissal if the petition was frivolous or patently without merit. *Blair*, 338 Ill. App. 3d at 432, 788 N.E.2d at 242-43. The court noted that although it had engaged in such substantive review in the past, that review occurred only when the trial court previously had considered the merits of the petition, and the *Blair* court held it would be inappropriate to undertake such analysis "for the first time on appeal." *Blair*, 338 Ill. App. 3d at 432, 788 N.E.2d at 243.

More recently, this court addressed *McGhee* and *Blair* in *People v. Etherly*, 344 Ill. App. 3d 599, 602 (2003), and held that although a first-stage dismissal cannot be based on waiver or procedural default, the trial court can dismiss a petition at that stage on the grounds of *res judicata*, provided that the court is not required to engage in fact-finding or consider matters outside the record. Because the Act allows

dismissal at the first stage only if the petition is frivolous or lacks substantive legal merit (725 ILCS 5/122—2.1(a)(2) (West 2000)), *Etherly* agreed with *McGhee* and *Blair* that waiver or procedural default cannot provide the basis for summary dismissal.[1] *Etherly*, 344 Ill. App. 3d at 615-16. *Etherly* points out that the defenses of waiver and untimeliness are meant to be resolved no sooner than the second stage of postconviction proceedings, after counsel has been appointed for the defendant and the State has the opportunity to raise such affirmative matters in a motion to dismiss. *Etherly*, 344 Ill. App. 3d at 615-16, citing 725 ILCS 5/122—5 (West 2000).

Noting that the purpose of first-stage postconviction review is to determine the petition's substantive merit and not its procedural compliance, *Etherly* reasoned that if an issue was raised and ruled upon in the trial court, the issue already was considered on its merits, thus triggering the theory of *res judicata*. In such an instance, the trial record would rebut the allegation contained in the defendant's postconviction petition. *Etherly*, 344 Ill. App. 3d at 613. Therefore, first-stage postconviction review allows the dismissal of a substantive issue on the grounds of *res judicata*, *i.e.*, that the issue was previously decided, because it is frivolous for the defendant to again raise the issue in a postconviction petition. *Etherly*, 344 Ill. App. 3d at 613-14.

Applying those theories to the claim before it, the *Etherly* court noted that the defendant alleged in his petition that he was denied a fair trial because prospective jurors were not asked about their potential bias toward gang members. The court found that the petition stated a constitutional deprivation that "was not pursued by defense counsel at trial and not raised by defense counsel on appeal, thereby rendering the issue neither frivolous nor patently without merit." *Etherly*, 344 Ill. App. 3d at 603. Because the gang bias *voir dire* issue had not been previously decided, the trial court erred in dismissing the petition on *res judicata* grounds. *Etherly*, 344 Ill. App. 3d at 603. This court ordered that the trial court docket the petition for second-stage proceedings. *Etherly*, 344 Ill. App. 3d at 624.

Shortly after *Etherly* was decided, a different division of this court

---

[1]As *Etherly* noted, another division of this court disagreed with *McGhee*'s extension of *Boclair* to encompass waiver and *res judicata*. *People v. Smith*, 341 Ill. App. 3d 530, 537-38, 794 N.E.2d 367, 375-76 (2003). *Smith* stated that while the Act treats timeliness as a separate procedural consideration, waiver and *res judicata* address the petition's substantive merits and provide bases for summary dismissal. *Smith*, 341 Ill. App. 3d at 537, 794 N.E.2d at 376. However, the *Smith* court admitted its comments were *dicta* because the case before it involved a successive postconviction petition, not an initial petition. *Smith*, 341 Ill. App. 3d at 537-38, 794 N.E.2d at 376.

in *People v. Jefferson*, 345 Ill. App. 3d 60, 70 (2003), declined to follow *McGhee* and *Blair*, stating those opinions fail to explain "why it is permissible for a trial court to rely on the record in determining whether those claims in a petition that are rebutted by the record are patently without merit, but it is impermissible for the trial court to rely on the record in determining whether the principles of waiver or *res judicata* are applicable." Noting that "those claims that are positively rebutted by the original trial court record are patently without merit," *Jefferson* examined the trial court record in the case before it and concluded that the defendant's claim of ineffective assistance of trial counsel was meritless. *Jefferson*, 345 Ill. App. 3d at 76. The court thus affirmed the summary dismissal of the defendant's postconviction petition. *Jefferson*, 345 Ill. App. 3d at 77.

■ With that still-evolving precedent in mind, we turn to defendant's contention that *Boclair, Blair* and *McGhee* prohibit the summary dismissal of his petition based on waiver and *res judicata*. In response to defendant's position, the State cites *People v. Wright*, 189 Ill. 2d 1, 723 N.E.2d 230 (1999), in arguing that *Blair* and *McGhee* were wrongly decided. The supreme court held in *Wright* that the trial court could dismiss a postconviction petition based on timeliness at the first stage of proceedings. *Wright*, 189 Ill. 2d at 11-12, 723 N.E.2d at 237. However, although the State cites *Boclair* at great length, the State fails to acknowledge that *Boclair* expressly overturned *Wright* in holding that the Act does not authorize a trial court to dismiss a petition based on lack of timeliness. *Boclair*, 202 Ill. 2d at 98-99, 789 N.E.2d at 740.

We agree with defendant that *McGhee* and *Blair*, and more precisely, *Etherly*, espouse the more reasoned view. We also note that *Etherly* addresses the concerns raised in *Jefferson* regarding the trial court's reliance on the record in determining whether waiver or *res judicata* bars a defendant's postconviction claims. Here, the trial court dismissed several claims in defendant's petition on the basis of waiver and dismissed several other contentions on the grounds of *res judicata*. In addition, the trial court found defendant's four claims of ineffective assistance of appellate counsel to be frivolous and patently without merit. A trial court cannot dismiss a postconviction petition at the first stage of proceedings on the basis of waiver because, like timeliness, waiver represents a procedural bar to the defendant's right to present a claim, not a consideration of the petition's substantive merits. *Etherly*, 344 Ill. App. 3d at 615. *Etherly* held, however, that the trial court could summarily dismiss a petition on *res judicata* grounds regarding previously decided issues if the trial court was not required to resolve disputed facts, engage in fact-finding, or consider matters outside the record. *Etherly*, 344 Ill. App. 3d at 614.

This case thus requires us to decide the propriety of the summary dismissal of a postconviction petition containing claims that the trial court rejected on the separate bases of waiver, *res judicata* and lack of merit. Under *McGhee, Blair* and *Etherly,* waiver is not a proper ground for dismissal of a petition at the first stage of postconviction proceedings. See also *People v. Cleveland,* 342 Ill. App. 3d 912, 915, 796 N.E.2d 201, 203 (2003). Our conclusion that the trial court cannot dismiss claims at the first stage of postconviction review on the basis of waiver necessarily requires the remand of defendant's entire petition because the petition must survive as a whole or be dismissed as a whole. *People v. Rivera,* 198 Ill. 2d 364, 365, 763 N.E.2d 306, 310-11 (2001); see also *People v. Plummer,* 344 Ill. App. 3d 1016 (2003). The Act does not allow the summary dismissal of some allegations while other claims proceed to the second stage of postconviction review. *People v. Brown,* 336 Ill. App. 3d 711, 721, 784 N.E.2d 296, 304 (2002); see also *People v. Noel,* 291 Ill. App. 3d 541, 544, 684 N.E.2d 414, 416 (1997) (noting that "[a]llowing partial dismissal raises serious questions about the judicial review process, since first stage dismissals are final and appealable judgments").

We recognize that the trial court in this case dismissed defendant's entire postconviction petition at the first stage of proceedings and did not improperly enter a partial summary dismissal and parse certain claims for further review, as the trial courts did in *Rivera* and *Noel.* Moreover, at the time of its August 2001 order, the trial court lacked the guidance of *Boclair, McGhee, Blair* or the subsequent cases analyzing the bases for first-stage dismissal of postconviction petitions. However, because we have concluded that portions of defendant's postconviction petition cannot be dismissed at the initial stage of postconviction review on the basis of waiver, the entire petition must be docketed for second-stage proceedings in accordance with sections 122—4 through 122—6 of the Act, including the appointment of counsel for defendant, amendment of defendant's petition by counsel, and responsive pleadings by the State. 725 ILCS 5/122—2.1(b) (West 2000). In light of that disposition, we need not consider whether portions of defendant's petition present the gist of a constitutional claim.[2]

---

[2]Although we are remanding defendant's petition, we also reject, for the record, defendant's repeated contentions that his petition must proceed to the second stage of postconviction review because the trial court did not rule on the petition within 90 days of its filing. Defendant filed his *pro se* petition on May 23, 2001, and the trial court issued its written order dismissing the petition on August 10, 2001. While we make no comment on the merits of defendant's assertions or the trial court's grounds for dismissing them, the timeliness of defendant's filing and the trial court's ruling are not at issue.

In closing, we note that defendant's final contention on appeal, that the trial court issued an erroneous jury instruction regarding the factors used to assess the reliability of identification testimony, was not included in defendant's postconviction petition. Pursuant to section 122—3 of the Act, any claims not raised in the original or an amended petition are waived. 725 ILCS 5/122—3 (West 2000); see also *People v. Jones*, 341 Ill. App. 3d 103, 106, 791 N.E.2d 1118, 1120 (2003), *appeal allowed*, 205 Ill. 2d 216 (2003). Because we are remanding this case for further proceedings under the Act, counsel for defendant will have the opportunity to consider the merits of that assertion and amend the petition to include that claim. 725 ILCS 5/122—5 (West 2000).

Accordingly, for all of the foregoing reasons, the trial court's order dismissing defendant's postconviction petition is vacated. The trial court is instructed to docket the petition for second-stage proceedings in accordance with sections 122—4 through 122—6 of the Act. 725 ILCS 5/122—2.1(b) (West 2000).

Reversed and remanded with directions.

O'MARA FROSSARD, P.J., and SMITH, J., concur.