No. 2--03--0255

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE      ) Appeal from the Circuit Court

OF ILLINOIS,      ) of Lake County.

      )

Plaintiff-Appellee,        )

      )

v.      ) No. 01--CF--2049

      )

JOSEPH J. MURRAY,        ) Honorable

      ) Victoria A. Rossetti,

Defendant-Appellant.        ) Judge, Presiding.

______________________________________________________________________________

JUSTICE KAPALA delivered the opinion of the court:

Defendant, Joseph J. Murray, appeals the dismissal of his petition pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 
et seq.
 (West 2002)).  He contends that the trial court improperly dismissed the petition on the ground of 
res judicata
.  We reverse and remand.

After a jury trial, defendant was convicted of escape (720 ILCS 5/31--6(c) (West 2000)) and sentenced to 14 years' imprisonment.  He appealed, contending that he was deprived of his right to represent himself at trial.  This court affirmed.  
People v. Murray
, No. 2--01--1480 (2002) (unpublished order pursuant to Supreme Court Rule 23).

Defendant then filed a postconviction petition in which he contended that "the trial court improperly deprived [him] of the right of self representation."  The trial court dismissed the petition, finding that 
res judicata
 barred defendant from raising this claim.  Defendant timely appeals.

Defendant contends that the trial court could not dismiss his petition on the ground of 
res judicata
 at the first stage of postconviction review.  We agree.

 Unde
r the Act, a 
postconviction proceeding not involving the death penalty has 
three stages.  
People v. Boclair
, 202 Ill. 2d 89, 99 (2002).  At the first stage, the trial court must examine the petition within 90 days.  The court shall dismiss the petition if it "determines the petition is frivolous or is patently without merit."  725 ILCS 5/122--2.1(a)(2) (West 2002).  We review 
de novo
 the dismissal of a petition at the first stage.  
People v. Coleman
, 183 Ill. 2d 366, 387-88 (1998).

In 
Boclair
, our supreme court held that a court could not dismiss a petition at the first stage on the ground that it was not filed within the time limit specified in the Act.  
Boclair
, 202 Ill. 2d at 100-01.  The court explained that the Act's time limitation is in the nature of an affirmative defense that can be raised, waived, or forfeited by the State.  
Boclair
, 202 Ill. 2d at 101.  
Therefore, the State should have to raise such a claim in a responsive pleading and the defendant would then have a chance to respond to the State's allegations.

This court has subsequently held that waiver, like untimeliness, may not be the basis of a first-stage dismissal.  
People v. Cleveland
, 342 Ill. App. 3d 912, 915 (2003); 
People v. Stivers
, 338 Ill. App. 3d 262, 264 (2003).  However, this court has not specifically addressed whether a trial court may summarily dismiss a petition on the ground that the claim is barred by 
res judicata
.  See 
People v. Smith
, 345 Ill. App. 3d 742, 746 (2004).  Appellate panels that have considered the issue have reached divergent conclusions.

Defendant relies principally on 
People v. Blair
, 338 Ill. App. 3d 429 (2003), 
appeal allowed
, 205 Ill. 2d 594 (2003).  There, the First District held that a trial court may not dismiss a petition at the first stage on the basis of waiver or 
res judicata
.  The court held that, like timeliness, these are procedural issues that do not address the substantive merit of the petition.  
Blair
, 338 Ill. App. 3d at 431-32.  The court further observed that 
People v. McCain
, 312 Ill. App. 3d 529 (2000), one of the three cases consolidated for decision in 
Boclair
, held that a petition could not be summarily dismissed on the ground of 
res judicata
.  Although the supreme court did not specifically mention 
res judicata
 in its opinion, it nevertheless affirmed 
McCain
.  
Blair
, 338 Ill. App. 3d at 431, citing 
Boclair
, 202 Ill. 2d at 101.  In 
People v. McGhee
, 337 Ill. App. 3d 992, 994 (2003), a different panel of the First District reached the same conclusion.

Later, another First District panel expressed its disagreement with 
McGhee
 and 
Blair
.  The court believed that waiver and 
res judicata
 are more closely related to a petition's substantive merit than the statute of limitations defense at issue in 
Boclair
.  
People v. Smith
, 341 Ill. App. 3d 530, 536-37 (2003).  The court did not decide the issue, however, because the pleading in question was the defendant's second postconviction petition, and the supreme court held in 
People v. Britt-El
, 206 Ill. 2d 331, 341 (2002), that 
Boclair
 does not apply to successive petitions.  
Smith
, 341 Ill. App. 3d at 537-38.

In 
People v. Etherly
, 344 Ill. App. 3d 599 (2003), the First District attempted to harmonize the pronouncements in 
Blair
 and 
Smith
.  The court concluded that 
res judicata
 could be the basis of a first-stage dismissal if the trial court did not engage in fact finding or consider evidence outside the record.  
Etherly
, 344 Ill. App. 3d at 614.  
People v. Sutherland
, 345 Ill. App. 3d 937 (2004),  followed this approach.

After considering these various approaches, we agree with 
McGhee
 and 
Blair
 that 
res judicata
 may not be the basis for summarily dismissing a petition.  We note that 
res judicata
 is not an absolute bar to raising an issue.  Various exceptions exist, and the 
doctrine will not be applied where it would be fundamentally unfair to do so.  
Cload v. West
, 328 Ill. App. 3d 946, 953 (200
2).  For example, in 
Blair
, the appellate court first considered the allegedly barred issue in the context of granting appellate counsel's motion to withdraw pursuant to  
Anders v. California
, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).  The defendant raised the issue in his 
pro se
 response to the motion and the appellate court rejected the issue on the merits.  
Blair
, 338 Ill. App. 3d at 430.  Thus, while the issue was ostensibly raised in the prior appeal, the defendant could plausibly argue that he did not have as full an opportunity to raise the issue as if it had been briefed by counsel.  However, if the trial court were to dismiss his petition 
sua sponte
, the defendant would not have a chance to argue that an exception to 
res judicata
 applies.

In 
People v. Wright
, the supreme court held that the State could not raise a statute-of-limitations defense for the first time on appeal.  
People v. Wright
, 189 Ill. 2d 1, 10-11 (1999), 
overruled in part on other grounds
, 
Boclair
, 202 Ill. 2d at 99.  The court expressed concern that allowing the State to raise the issue for the first time on appeal would deprive a defendant of the chance to amend his petition to overcome the defense, for example, by showing that the delay was not the result of his culpable negligence (see 725 ILCS 5/122--1(c) (West 2002)).  
Wright
, 189 Ill. 2d at 11.  A similar concern applies here.  Allowing the trial court to summarily dismiss a petition on the basis of 
res judicata
 would deprive a defendant of the chance to amend his petition to respond to the defense.

Here, the trial court dismissed the petition solely on the basis of 
res judicata
.  Accordingly, we reverse the order dismissing the petition and remand the cause for proceedings under sections 122--4 through 122--6 of the Act (725 ILCS 5/122--4 through 122--6 (West 2004)).

The judgment of the circuit court of Lake County is reversed and the cause is remanded.

Reversed and remanded.

O'MALLEY, P.J., concurs.

JUSTICE BOWMAN, dissenting:

I respectfully dissent.  Specifically, I believe that the trial court properly dismissed the postconviction petition on the ground of 
res judicata
, as the trial court did not engage in fact finding or consider evidence outside the record, and the issue had already been adjudicated on direct appeal.   We review 
de novo
 the dismissal of a postconviction petition at the first stage.  
People v. Coleman
, 183 Ill. 2d 366, 387-88 (1998).  

Under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 
et seq.
 (West 2002)), the scope of a postconviction proceeding is limited to constitutional matters that have not been, and could not have been, previously adjudicated on direct appeal.  
People v. Lucas
, 203 Ill. 2d 410, 417-18 (2002).  Any issues considered by the court on direct appeal are barred by 
res judicata
.  See 
Lucas
, 203 Ill. 2d at 418.  

The inquiry into whether a postconviction petition contains sufficient allegations of a constitutional deprivation does not require the trial court to engage in any fact finding.  
Coleman
, 183 Ill. 2d at 385.  Rather, 
at the first stage of a postconviction proceeding, the trial court examines the petition to determine whether it is frivolous or patently without merit and may dismiss the petition on that basis.  725 ILCS 5/122--2.1(a)(2) (West 2002).  Thus, during the first stage, a trial court may focus only on the substantive merits of the petition, and may not consider procedural issues.  
People v. Boclair
, 202 Ill. 2d 89, 102 (2002).  
Res judicata
 is a substantive consideration to the extent that it delineates the scope and purpose of the Act.  
People v. Smith
, 341 Ill. App. 3d 530, 536-537 (2003).  

The Act specifically provides that, at the first stage of a postconviction proceeding,  the court may examine not only the court files but also "any action taken by an appellate court."  725 ILCS 5/122--2.1(c) (West 2002); 
People v. Etherly
, 344 Ill. App. 3d 599, 614 (2003).  Defendant directly appealed his conviction, contending that the trial court had deprived him of his right of self-representation.  This court affirmed.  Defendant then filed a postconviction petition, again contending that the trial court had deprived him of his right of self-representation.  Defendant did not include additional outside evidence.  In dismissing the petition, the trial court did not engage in fact finding or consider evidence outside the record.  In my opinion, to hold that the trial court in this case could not summarily dismiss the petition based on 
res judicata
 effectively nullifies section 2.1(c) of the Act.

Because the trial court, looking only to the record, determined that the issue had been adjudicated on direct appeal and was, therefore, outside the scope of the Act, I would affirm.