THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID BATES, Defendant-Appellant.

First District (4th Division)   No. 1—92—1810

Opinion filed October 27, 1994.

Craig Jago Beauchamp, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James E. Fitzgerald, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAHILL delivered the opinion of the court:

Following a bench trial David Bates was convicted of first degree murder, attempted murder, armed robbery, and aggravated battery.

He appealed, and this court found he was arrested without probable cause. We remanded the case for a hearing to determine if defendant's statement to the police implicating him in the crime was sufficiently attenuated from his illegal arrest to be admissible. (*People v. Bates* (1991), 218 Ill. App. 3d 288, 578 N.E.2d 240 (*Bates I*).) On remand, the trial court found attenuation and denied defendant's motion to suppress his statement. We reverse and remand for a new trial.

■ The State bears the burden of proof in an attenuation hearing. (*People v. White* (1987), 117 Ill. 2d 194, 222, 512 N.E.2d 677.) A confession made after an illegal arrest is admissible if it is not obtained by exploitation of the illegal arrest. (*Brown v. Illinois* (1975), 422 U.S. 590, 45 L. Ed. 2d 416, 95 S. Ct. 2254.) In *Brown*, the supreme court set out four elements to consider when evaluating an otherwise valid confession following an illegal arrest: (1) the proximity in time between the arrest and confession; (2) the presence of intervening circumstances; (3) the purpose and flagrancy of police misconduct; and (4) whether *Miranda* warnings are given. *Brown*, 422 U.S. at 603-04, 45 L. Ed. 2d at 427, 95 S. Ct. at 2261-62.

Here, the trial court at the attenuation hearing received in evidence the transcript of the motion to suppress the confession before defendant's trial. That testimony appears in *Bates I* at 218 Ill. App. 3d 288.

The State then called Detective Bajenski as its only witness. Bajenski testified that he spoke to defendant between 11 and 11:30 a.m. on October 29, 1983, and advised him of his *Miranda* rights. Bajenski testified that he confronted defendant with evidence linking him to the crime. He told defendant that a gun and drugs had been recovered, that a witness, Corey Burns, had incriminated him, and that codefendant Banks was in custody and implicated him. Bajenski also told defendant that various "citizens on the street" stated they had seen defendant and Banks at the scene of the crime. Bajenski testified that when confronted with this information, defendant denied any knowledge of the crime.

Defense counsel then moved to admit two reports prepared by the Office of Professional Standards of the Chicago police department. Known as the Goldston and Sanders reports, they survey the alleged systematic abuse of suspects in custody at Area 2 police headquarters, where the defendant in this case was interrogated. The reports name several police officers involved in cases of abuse. Some of those officers participated in defendant's arrest and interrogation. Defendant argued that the reports were relevant to the third element under *Brown*: the purpose and flagrancy of police misconduct.

The trial court refused to consider evidence which went to the

issue of police misconduct and refused to admit the Goldston and Sanders reports. The court reasoned:

"If there was some misconduct, the appellate court [in *Bates 1*] found there was none, then you might be entitled to those [reports]. But reading the appellate court record with regard to the attenuation hearing, the two criteria I have to deal with [are] the intervening factors and the proximity of the statement from the arrest."

Defendant then testified and essentially repeated his testimony from the suppression hearing. He also denied that he had a conversation with Detective Bajenski while in custody.

The court found that there was sufficient attenuation to admit the confession because: (1) defendant was given *Miranda* warnings; (2) he confessed more than 16 hours after his arrest; (3) he "was not coerced into making a statement at any time"; and (4) the statement of Corey Burns incriminating the defendant was an intervening circumstance.

We will reverse a trial court's ruling on a motion to suppress only if it is against the manifest weight of the evidence. (*People v. Booker* (1991), 209 Ill. App. 3d 384, 568 N.E.2d 211.) Here we find that the opposite conclusion is evident and reverse the court's denial of the motion to suppress the statement.

■ The court refused to consider evidence which went to the issue of the purpose and flagrancy of police misconduct, but then ruled, "the defendant was not coerced into making a statement at any time" based solely on the holding in *Bates I* that defendant's confession was voluntary. Although the court in *Bates I* found defendant's confession was voluntary, the voluntariness of a confession is governed by the fifth amendment, whereas the propriety of an arrest is governed by the fourth amendment. The jurisprudence of the fourth amendment is clear: even if a confession is voluntary, the confession may be tainted by police misconduct during the arrest or investigation. (*Dunaway v. New York* (1979), 442 U.S. 200, 219, 60 L. Ed. 2d 824, 840, 99 S. Ct. 2248, 2260.) This court's earlier decision that "the trial court did not err in denying defendant's motion to suppress his statement as involuntarily given" did not foreclose admission of evidence of police misconduct, and the court erred in finding as a matter of fact that "defendant was not coerced into making a statement at any time" without receiving evidence on the issue and relying solely on the decision in *Bates I.*

We could remand this case for another attenuation hearing to allow defendant to present evidence of alleged police misconduct outlined in the Goldston and Sanders reports and its relevance, if

any, to this case. But, even without this evidence, the State cannot sustain its burden because of the mingling of tainted and untainted evidence in the Bajenski interview.

The State relies on the statement of Corey Burns, implicating defendant in the crime, as the intervening circumstance that establishes attenuation. An intervening circumstance is one that overcomes the taint of illegal police conduct by breaking the connection between that conduct and the confession. Confronting a suspect with new information, untainted by illegality, has been held an intervening circumstance which renders a confession voluntary. (*People v. Lekas* (1987), 155 Ill. App. 3d 391, 508 N.E.2d 221.) The trial court found this to be the case here. It stated:

> "This court finds that there was an intervening factor with regard to Detective Bajenski's interview of David Bates where he informed David Bates of the information obtained from Corey Burns regarding this incident."

But Bajenski also testified that, during the same 10-minute interview, he confronted defendant with the incriminating evidence of codefendant Banks' statement and the gun and drugs found as a result of Banks' statement.

It has already been held that Banks' confession was coerced. (*People v. Banks* (1989), 192 Ill. App. 3d 986, 549 N.E.2d 766.) Statements made by Banks about defendant's involvement in the crime and evidence recovered as a result of those statements are tainted.

The State must prove that it was the untainted evidence which led to the confession and that being confronted with the illegally obtained evidence did not influence defendant's decision to confess. (See *People v. Turner* (1994), 259 Ill. App. 3d 979, 631 N.E.2d 1236.) We do not believe the State has met this burden. It argues:

> "If defendant had been forced to confess because he knew his codefendant had implicated him it is logical to conclude that defendant would have considered the situation hopeless and confessed much sooner than he did. Rather, it would be more logical to conclude that given the fact that an independent witness had implicated defendant he took the time to reflect upon the situation, and mindful of this information, made a voluntary decision, of his own free will, to confess to the crime."

Defendant confessed more than 12 hours after the interview with Officer Bajenski. But the State ignores the evidence that Officer Bajenski testified that he confronted defendant with both statements in the same interview. While knowledge of Burns' statement may have played a part in defendant's decision to confess, it is possible that his

knowledge of the tainted evidence implicating him—a gun, the drugs, and Banks' statement—with which he was confronted in the same interview, also played a part. If a defendant's knowledge that illegally seized evidence was recovered *may* have been a factor in his decision to confess, then suppression is proper. *People v. Nash* (1979), 78 Ill. App. 3d 172, 397 N.E.2d 480.

The use of evidence obtained from coercing Banks to confess may not serve to attenuate the taint of defendant's illegal arrest. *People v. Beamon* (1993), 255 Ill. App. 3d 63, 627 N.E.2d 316.

Other than the statement of Corey Burns revealed in the same interview with the tainted evidence, the record shows no intervening circumstances. *Miranda* warnings and a 16-hour passage of time between arrest and confession are not sufficient to meet the standards set out in *Brown*. We hold that defendant's confession should have been suppressed.

The defendant has not challenged the sufficiency of the evidence against him, so no double jeopardy considerations bar remand. (*Beamon*, 255 Ill. App. 3d 63, 627 N.E.2d 316.) We reverse and remand for a new trial.

Reversed and remanded.

HOFFMAN, P.J., and THEIS, J., concur.