THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS McGHEE, Defendant-Appellant.

First District (3rd Division)   No. 1—01—0766

Opinion filed March 19, 2003.

Michael Pelletier, of State Appellate Defender's Office, of Chicago, and Law Office of Gregory T. Mitchell, of Homewood, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and John E. Nowak, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Thomas McGhee, appeals from an order of the circuit court summarily dismissing his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 2000)). For the reasons that follow, we affirm.

On October 7, 1997, following a bench trial, the defendant was convicted of first degree murder, attempted first degree murder, aggravated battery with a firearm, and aggravated battery based upon accountability principles. The trial court sentenced the defendant to consecutive prison terms of 22 years and 6 years, respectively, for first degree murder and attempted first degree murder. On November 10, 1999, this court resolved the defendant's direct appeal and affirmed his convictions and sentences. People v. McGhee, No. 1—98—0232 (1999) (unpublished order under Supreme Court Rule 23). The defendant did not seek leave to appeal to the Illinois Supreme Court.

On October 4, 2000, the defendant filed a pro se petition pursuant to the Act, alleging ineffective assistance of counsel both at trial and on direct appeal. Specifically, the defendant alleged that his constitutional right to effective assistance of counsel was violated when his trial attorney failed to object to the admission of testimony relating to certain statements that his codefendant, Charles Ward, made to the police. The defendant also alleged that his appellate counsel was ineffective when, on direct appeal, he failed to raise either the inadmissibility of testimony relating to Ward's statements or the ineffective assistance of trial counsel.

On January 3, 2001, the trial court summarily dismissed the

defendant's postconviction petition. In its written order, the court found: 1) that the defendant's petition was "time-barred"; 2) "that a number of the defendant's claims involve issues which were raised or could have been raised on direct appeal"; and 3) that the matters raised by the defendant in his petition are "frivolous and patently without merit." This appeal followed.

■ For his first assignment of error, the defendant argues that the trial court erred when it held that his postconviction petition was untimely. In its brief, the State concedes that our supreme court, in its recent decision in *People v. Boclair*, 202 Ill. 2d 89 (2002), held that a postconviction petition may not be dismissed as untimely during a first-stage review. We find, therefore, that the trial court improperly relied on the ground of timeliness in summarily dismissing the defendant's petition in this case.

Next, the defendant asserts that the trial court erred in finding that the grounds asserted in his postconviction petition had been waived or were barred under the doctrine of *res judicata*. In its written order summarily dismissing the defendant's petition, the trial court stated that "a number of the defendant's claims involve issues which were raised or could have been raised on direct appeal." From this language, it is unclear which of the defendant's claims the trial court found to be waived or to be barred by the doctrine of *res judicata*. As we will explain, however, we find that it was improper for the trial court to have dismissed any of the claims stated in the defendant's petition on these grounds.

■ The defendant acknowledges that, in postconviction proceedings, the determinations of the reviewing court on the prior direct appeal are *res judicata* as to issues actually decided and that issues which could have been presented on direct appeal, but were not, are waived. *People v. Rogers*, 197 Ill. 2d 216, 221, 756 N.E.2d 831 (2001). Nevertheless, he argues that this general proposition is inapplicable when, as in this case, the alleged waiver stems from ineffective assistance of appointed counsel on appeal. *People v. Whitehead*, 169 Ill. 2d 355, 371, 662 N.E.2d 1304 (1996), *overruled in part on other grounds, People v. Coleman*, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998). For its part, the State acknowledges that the defendant could not have raised the issue of ineffective assistance of appellate counsel on direct appeal. See *People v. Foster*, 168 Ill. 2d 465, 474, 660 N.E.2d 951 (1995). However, neither party has addressed the more basic issue of whether a trial court can rely upon waiver or *res judicata* as the basis for summarily dismissing a postconviction petition at the first stage of the proceedings.

One of the three consolidated cases that the Illinois Supreme Court

reviewed in *Boclair* was *People v. McCain*, 312 Ill. App. 3d 529, 727 N.E.2d 383 (2000), in which the Fifth District of the Appellate Court held that petitions should not be dismissed as untimely or on waiver or *res judicata* grounds at the first stage of a postconviction proceeding. Although the decision in *Boclair* does not specifically address the propriety of summarily dismissing a postconviction petition on grounds of waiver or *res judicata* at the first stage of the proceeding, the supreme court, nonetheless, affirmed the appellate court's decision in *McCain. Boclair*, 202 Ill. 2d at 94. Additionally, we believe that the analysis the supreme court employed in *Boclair* to address the propriety of summarily dismissing a postconviction petition as untimely during a first-stage examination is equally applicable to first-stage dismissals based on grounds of waiver or *res judicata*.

In *Boclair*, our supreme court held that:

"The Act provides a three-stage process for the adjudication of post-conviction petitions. In the first stage, the circuit court determines whether the post-conviction petition is 'frivolous or is patently without merit.' 725 ILCS 5/122—2.1(a)(2) (West 2000). The State does not have an opportunity to raise any arguments against the petition during this summary review stage. *People v. Gaultney*, 174 Ill. 2d 410 (1996). The circuit court is required to make an independent assessment in the summary review stage as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief. The court is further foreclosed from engaging in any fact finding or any review of matters beyond the allegations of the petition. *People v. Coleman*, 183 Ill. 2d 366 (1998).

To survive dismissal at this stage, the petition must only present 'the gist of a constitutional claim.' *Gaultney*, 174 Ill. 2d at 418. If the petition is found to be 'frivolous' or 'patently without merit,' the court 'shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision.' 725 ILCS 5/122—2.1(a)(2) (West 2000)." *Boclair*, 202 Ill. 2d at 99-100.

Based upon its construction of section 122—2.1(a)(2) of the Act (725 ILCS 5/122—2.1(a)(2) (West 2000)), the *Boclair* court concluded that the circuit court may dismiss a postconviction petition at the initial stage "*only* if the petition is deemed to be 'frivolous or *** patently without merit,' not if it is untimely filed." (Emphasis added.) *Boclair*, 202 Ill. 2d at 100. It reasoned, in part, that the fact that a petition is untimely does not necessarily mean that it is without merit. *Boclair*, 202 Ill. 2d at 101. Like timeliness, the doctrines of waiver and *res judicata* do not address the question of whether a claim is frivolous or without merit; rather, they constitute procedural bars to a defendant's right to prevail on a claim, regardless of its substantive merit.

We are not unmindful that section 122—2.1(c) of the Act provides that, in considering a postconviction petition during the first stage of the proceeding, the trial court "may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such a proceeding and any transcripts of such proceeding." 725 ILCS 5/122—2.1(c) (West 2000). We believe, however, that the purpose of the examination authorized by this section is to enable the court to determine if the facts pled in the petition are positively rebutted by the record. Such a determination assists the court in resolving the issue of whether the petition is frivolous or patently without merit. *People v. Montgomery*, 327 Ill. App. 3d 180, 184, 763 N.E.2d 369 (2001). We do not read this section of the statute as authorizing the court in the first stage of a postconviction proceeding to examine the record in order to determine whether a defense such as waiver or *res judicata* exists to bar the claim asserted by the defendant and, if such a defense is apparent, to resolve the issue summarily.

Although we have determined that the circuit court's summary dismissal of the defendant's postconviction petition cannot be affirmed on the grounds that the petition was untimely or that the claims asserted therein have been waived or are barred by the doctrine of *res judicata*, we must still resolve the question of whether the petition was properly dismissed as frivolous or patently without merit.

■ The ultimate question of the sufficiency of the allegations in a postconviction petition to demonstrate the gist of a claim of constitutional deprivation is a legal inquiry subject to plenary appellate review. *People v. Coleman*, 183 Ill. 2d 366, 387-88, 701 N.E.2d 1063 (1998). We are, therefore, free to substitute our judgment for that of the circuit court in order to resolve the question. *Coleman*, 183 Ill. 2d at 388.

In his petition, the defendant alleged that his trial attorney was ineffective for failing to object to the testimony of two police officers concerning various statements made by his codefendant, Ward, implicating the defendant in the crimes with which he was charged. The officers' testimony was introduced at the hearing on the defendant's motion to quash his arrest and suppress his own subsequent statement, and it formed the basis of the trial court's finding that probable cause existed for the defendant's arrest. According to the defendant, since Ward's statements to the police were made after Ward had been illegally detained, the statements should have been suppressed as the fruits of an unlawful arrest and detention. Although not asserted in the defendant's *pro se* petition, his appellate brief seems to argue that his trial counsel was additionally ineffective for not objecting to the admission at trial of the defendant's own

statement on the theory that it too was "tainted evidence from the illegal arrest and detention of Charles Ward." The defendant also charged that his appellate counsel was ineffective for failing to raise these same admissibility issues on his direct appeal and for failing to raise the issue of the ineffective assistance of trial counsel.

The State asserts that the defendant did not have standing to object to the officers' testimony regarding the statements made by Ward or to object to the admission of his own statement on the grounds asserted because his own constitutional rights were not alleged to have been violated. As a consequence, the State argues that the defendant's claims of ineffective assistance of trial and appellate counsel are patently without merit. We agree with the State.

■ In *People v. James*, 118 Ill. 2d 214, 226, 514 N.E.2d 998 (1987), our supreme court held that a claim to suppress the product of a fourth amendment (U.S. Const., amend. IV) violation can only be asserted by the individual whose rights were violated. The rule has been applied in circumstances where the evidence sought to be suppressed was a statement made to the police by a third party (*People v. Barton*, 286 Ill. App. 3d 954, 959-60, 677 N.E.2d 476 (1997)) or the defendant's own statement made after being confronted with a statement illegally obtained from a codefendant (*James*, 118 Ill. 2d at 225-26). Nevertheless, the defendant, relying on this court's decision in *People v. Bates*, 267 Ill. App. 3d 503, 642 N.E.2d 774 (1994), argues that the testimony relating to Ward's statements and the defendant's own statement were subject to suppression as having been obtained by exploitation of Ward's illegal arrest. We believe, however, that *Bates* is distinguishable on its facts.

In *Bates*, the issue was whether the defendant's confession was sufficiently attenuated from his illegal arrest to make it admissible as evidence at his trial. The defendant confessed after being confronted with an illegally coerced statement of a codefendant. The *Bates* court held that the use of evidence obtained from coercing the codefendant could not serve to attenuate the taint of the defendant's illegal arrest. *Bates*, 267 Ill. App. 3d at 506-07. In this case, however, just as in *James*, the issue was probable cause, not attenuation. See *People v. Beamon*, 255 Ill. App. 3d 63, 70, 627 N.E.2d 316 (1993) (distinguishing *James* on this basis); but see *People v. Austin*, 293 Ill. App. 3d 784, 791-93, 688 N.E.2d 740, (1997) (Quinn, J., specially concurring). The facts of this case are akin to those present in *James* and *Barton*, not *Bates*.

■ ■ In order to succeed on a claim of ineffective assistance of either trial counsel or appellate counsel, a defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668,

80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). *People v. Enis*, 194 Ill. 2d 361, 376-77, 743 N.E.2d 1 (2000). The defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have differed. *Strickland*, 466 U.S. at 687, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068. In light of our finding that the defendant lacked standing to object to the admission of testimony relating to the statements made to the police by Ward or the admission of his own statement on the grounds of Ward's illegal detention, we conclude that the defendant cannot satisfy the first prong of the *Strickland* test and, as a consequence, cannot establish that he received ineffective assistance of trial counsel. It follows that, if trial counsel's representation was not ineffective, then the defendant's claim that his appellate counsel was ineffective must also fail. See *People v. Childress*, 191 Ill. 2d 168, 175, 730 N.E.2d 32 (2000).

Based on the foregoing analysis, we conclude that the defendant's postconviction petition is patently without merit and affirm the circuit court's summary dismissal of that petition.

Affirmed.

SOUTH, P.J., and HALL, J., concur.