Third Division

    Filed: March 31, 2003

No. 1-01-1453

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the 

) Circuit Court of 

Plaintiff-Appellee, ) Cook County.

)

) 

    )

LEON BLAIR, ) Honorable 

) Leo E. Holt,

Defendant-Appellant. ) Judge Presiding.

JUSTICE HOFFMAN delivered the opinion of the court:

The defendant, Leon Blair, appeals from an order of the circuit court summarily dismissing his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et
 
seq
. (West 2000)).  For the reasons which follow, we reverse and remand this cause to the circuit court with instructions.

Following a jury trial, the defendant was convicted of first degree murder and sentenced to a prison term of 55 years.  Thereafter, both the defendant and his trial counsel filed motions for a new trial.  The defendant's 
pro
 
so
 motion alleged that, during trial, his attorney became physically ill and failed to ask for a continuance, and that counsel's illness "may have caused her to inadequately represent" him.  The court denied both motions, and the defendant filed a timely notice of appeal. 

The Cook County Public Defender was appointed to represent the defendant on his direct appeal.  However, after concluding that there were no issues of merit warranting argument, the Public Defender moved to withdraw pursuant to 
Anders v. California
, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).  The defendant filed a response, arguing, 
inter
 
alia
, that his trial counsel was ineffective for failing to object to certain gang-related evidence introduced at trial.  The defendant further claimed that his trial counsel neglected his case because she was "obviously medicated" during trial due to an illness, making her "often incoherent."

This court granted appellate counsel's motion to withdraw and affirmed the defendant's conviction and sentence.  
People v. Blair
, No. 1-98-4119 (2000) (unpublished order under Supreme Court Rule 23).  Although we addressed the merits of the defendant's first claim, we concluded that the latter claim was "either unsupported by the record or based on matters outside the record."      

On January 8, 2001, the defendant filed a 
pro
 
se
 post-conviction petition, setting forth several claims of ineffective assistance of counsel both at trial and on direct appeal.  Specifically, the defendant asserted that his trial counsel had instructed him to decline argument on his 
pro
 
se
 motion for a new trial, which resulted in the denial of the motion.  The defendant alleged that, had he not relied on the erroneous advice of counsel, he would have argued to the court that his attorney was suffering from a physical illness and was under medication which impaired her judgment during trial.  According to the defendant, counsel was incoherent on several occasions when she visited with him in his holding cell outside of the courtroom.  Further, the defendant maintained that counsel was distracted during trial and was "merely just there going through the motions of representation."  The defendant alleged that his attorney failed to properly prepare for trial, as she presented limited argument in support of a motion to suppress his written statement; failed to present evidence that he was under the influence of alcohol and marijuana in support of his self-defense claim; and introduced irrelevant and prejudicial gang-related evidence at trial.  Along with these claims, the defendant also asserted that his appellate counsel was ineffective for failing to raise the foregoing issues of ineffective assistance of trial counsel on direct appeal, even though he had asked counsel to do so.  In this regard, the defendant stated that, by filing a motion to withdraw pursuant to 
Anders
, appellate counsel in effect waived his right to raise issues of substantial constitutional violations.

The circuit court summarily dismissed the defendant's post-conviction petition, stating as follows:

"The Court has considered the petition, the orders of the appellate court, and the trial record, and being fully advised find [
sic
]:  One, the issues sought to be raised are 
res
 
judicata
 or waived.

Wherefore, pursuant to the provisions of 725 ILCS 5/122.2 the petition is dismissed."

The circuit court's written order reflects the same grounds for its summary dismissal of the petition.  The defendant now appeals.

In addition to his arguments addressing the merits of the circuit court's summary dismissal of his post-conviction petition, the defendant also argues for the first time on appeal both that Public Act 83-942, which amended the Act to permit the summary dismissal of a petition prior to the appointment of counsel, violates the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)), and that his mittimus should be corrected to reflect the number of days for which he is entitled to credit for time spent in custody.  We need not address the substantive issues raised by the defendant, however, since we agree with his assertion that a circuit court may not summarily dismiss a post-conviction petition on the grounds of 
res
 
judicata
 or waiver.

In 
People v. McCain
, 312 Ill. App. 3d 529, 727 N.E.2d 383 (2000), 
aff'd
, 
People v. Boclair
, 202 Ill. 2d 89, ___ N.E.2d ___ (2002), the Fifth District of the Appellate Court held that a post-conviction petition should not be dismissed as untimely or on the basis of waiver or 
res
 
judicata
 at the summary dismissal stage.  The supreme court granted leave to appeal in 
McCain
 and reviewed that decision, along with two other consolidated cases, in 
People v. Boclair
, 202 Ill. 2d 89, ___ N.E.2d ___ (2002).  The 
Boclair
 court held that a circuit court may not summarily dismiss a petition based on untimeliness.  The court looked at the specific language of section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2000)), and concluded that the circuit court may dismiss a post-conviction petition at the first stage "
only
 if the petition is deemed to be 'frivolous or *** patently without merit'". [Emphasis added] 
Boclair
, 202 Ill. 2d at 100.  The 
Boclair
 court reasoned, in part, that "[i]f a petition is untimely that does not necessarily mean that [it] lacks merit."  
Boclair
, 202 Ill. 2d at 101.  Although the 
Boclair
 court did not address the issue of whether a post-conviction petition may be dismissed on grounds of 
res
 
judicata
 or waiver, it did affirm the 
McCain
 court's decision.  As we recently held in 
People v. McGhee
, No. 1-01-0766, slip op. at 4 (March 19, 2003), we believe that the analysis the supreme court employed in 
Boclair
 is equally applicable to first stage dismissals based on grounds of waiver or 
res
 
judicata
.  In 
McGhee
, we concluded that "[l]ike timeliness, the doctrines of waiver and 
res
 
judicata
 do not address the question of whether a claim is frivolous or without merit; rather they constitute procedural bars to a defendant's right to prevail on a claim, regardless of its substantive merit."  
McGhee
, slip op. at 6.  Accordingly, we follow our decision in 
McGhee
 and hold that the circuit court's summary dismissal of a defendant's post-conviction petition cannot be affirmed on the grounds that the claims raised in the petition have been waived or are barred by the doctrine of 
res
 
judicata
.  
McGhee
, slip op. at 7.

The State argues that, because this court may affirm the circuit court's decision on any ground in the record, we may still address the merits of the defendant's petition and affirm the circuit court's summary dismissal order if we find the petition to be frivolous or patently without merit.  We acknowledge that, in the past, we have exercised our plenary power to review the sufficiency of a post-conviction petition in circumstances where the circuit court had based its decision to summarily dismiss the petition on grounds of 
res
 
judicata
 and waiver.  When we did so, however, the circuit court had also found the petition to be frivolous and without merit.  See 
McGhee
, No. 1-01-0766, slip op. at 7.  In this case, the circuit court never addressed the merits of the claims raised in the defendant's petition, and we deem it inappropriate to address the issue for the first time on appeal.  Our conclusion in this regard is consistent with the procedure employed in 
McCain
, where the court expressly noted that the circuit court did not make a finding that the defendant's petition was frivolous or patently without merit, and remanded the case to the circuit court with instructions that it docket the petition for further proceedings.  
McCain
, 312 Ill. App. 3d at 531. 

For the foregoing reasons, we reverse the summary dismissal of the defendant's post-conviction petition and remand this cause to the circuit court with instructions that it docket the petition for consideration in accordance with sections 122-4 through 122-6 of the Act. 

Reversed and remanded with instructions.

SOUTH, P.J., and HALL, J., concur.