SIXTH DIVISION

January 16, 2004

No. 1-02-0563

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

DWAYNE COULTER, 

Defendant-Appellant.

)))))))))

Appeal from the

Circuit Court of

Cook County

Honorable

Colleen McSweeney-Moore,

Judge Presiding.

JUSTICE
 GALLAGHER delivered the opinion of the court upon denial of rehearing:
 

Defendant, Dwayne Coulter, filed a 
pro se
 petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 
et seq. 
(West 2000)), alleging that he was denied his right to the effective assistance of counsel at a 1998 hearing held pursuant to 
Batson v. Kentucky
, 476 U.S. 79,
 90 L. Ed. 2d 69, 106 S. Ct. 1712 
(1986).  In his post-conviction petition, defendant asserted that his appointed counsel at the 
Batson
 hearing was deficient in failing to argue that the State’s reasons for striking a particular venire member were pretextual.  The trial court summarily dismissed defendant’s petition as frivolous and patently without merit. 
 For the reasons that follow, we remand this case to the trial court for second-stage proceedings under sections 122-4 and 122-5 of the Act.  

The procedural history of defendant’s case is lengthy, complicated and well-known to this court. 
 See 
People v. Coulter
, 799 N.E.2d 708 (2003) 
(
Coulter III
);  
People v.
 Coulter
, 321 Ill. App. 3d 644, 748 
N.E.2d 
240 (2001) (
Coulter II
).  
In this appeal, defendant argues the trial court erred in summarily dismissing his post-conviction petition.  In the petition, defendant contended that he was denied the effective assistance of appellate counsel in 
Coulter II
 because that attorney failed to contend that defendant’s counsel at the
 Batson
 hearing was ineffective for not specifically raising the particular venire member’s exclusion
.  The State responds that defendant waived his claim of ineffective assistance of appellate counsel by failing to include it in his
 
post-conviction petition, to which defendant replies that his petition contained the gist of a constitutional claim because it alleged his counsel at the 
Batson
 hearing was ineffective, and he merely neglected to state that his appellate counsel was ineffective for failing to raise the issue on appeal.  

The Act provides that “[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.”  725 ILCS 5/122-3
 (West 2000).  We recently held in 
People v. Etherly
, No. 1-01-4166, slip op. at 3 (November 21, 2003), that the first-stage dismissal of a defendant’s post-conviction petition cannot be based on 
waiver.  See also 
People v.
 Blair
, 338 
Ill. App. 3d
 429, 431-32, 788 
N.E.2d 
240, 242 (2003),
 petition for leave to appeal allowed
, No. 96198 (2003); 
People v.
 McGhee
, 337 
Ill. App. 3d
 992, 995, 787 
N.E.2d 
324, 326 (2003).  “Determining substantive merit, not procedural compliance, is the purpose of first-stage review.” 
Etherly
, slip op. at 2, citing 725 ILCS 5/122-2.1(a)(2), (b) 
(West 2000).  

Therefore, the trial court’s order dismissing defendant’s post-conviction petition is vacated, and the petition is remanded for second-stage proceedings under the Act, specifically the appointment of counsel for defendant and the State’s answer or motion to dismiss the petition.

Remanded with directions.

O'MARA FROSSARD, P.J., and SMITH, J., concur.