FIRST DIVISION
May 27, 2008

No. 1-07-0224

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County |
| | ) | |
| v. | ) | No. 01 CR 696 |
| | ) | |
| RALPH HOPKINS, | ) | Honorable |
| | ) | Kerry Kennedy, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

We are asked to decide whether a statement, made by a codefendant or witness and used to induce an illegally detained suspect to confess, can support attenuation absent a finding that the statement was legally obtained. Our appellate courts have addressed this issue indirectly and reached different results. Compare People v. Klimawicze, 352 Ill. App. 3d 13, 815 N.E.2d 760 (2004) (a codefendant's or witness's statement may serve as an attenuating circumstance absent a showing in the record that the statement was illegally obtained), with People v. Austin, 293 Ill. App. 3d 784, 688 N.E.2d 740 (1997) (witness's statement will not break the causal connection between an illegal arrest and subsequent confession where the witness was taken into custody under the same circumstances as the defendant). We hold that, absent evidence in the record that the statement was illegally obtained, the statement may be used as an attenuating factor.

Following a jury trial, defendant Ralph Hopkins was convicted of one count of armed

robbery and one count of attempted armed robbery and sentenced to concurrent prison terms of 12 years. This court vacated the convictions and sentences on appeal after finding that the police lacked probable cause to arrest defendant. People v. Hopkins, 363 Ill. App. 3d 971, 845 N.E.2d 661 (2005) (Hopkins I). We remanded the matter to the trial court to hold an attenuation hearing. Hopkins I, 363 Ill. App. 3d at 988. On remand, the trial court held defendant's post-arrest confessions were admissible despite the illegal arrest and reinstated defendant's convictions and sentences. Defendant appeals this holding. We affirm.

The facts relevant to defendant's arrest are contained in Hopkins I and will be repeated to the extent necessary to dispose of defendant's arguments in this appeal. Defendant was arrested on the night of December 9, 2000, following a report of an attempted armed robbery of Beverly Hajek at 10:40 p.m. in Oak Lawn. Shortly after defendant was arrested, police picked up Jeffrey Sampson, who allegedly assisted defendant in attempting to rob Hajek. Shortly after his arrest, Sampson made a statement implicating himself and defendant in the crime. In the early morning hours of December 10, 2000, defendant confessed to the attempted armed robbery of Hajek. The following evening, defendant confessed to the armed robbery of Alfonso Casarrubias, which occurred in Evergreen Park about one hour before the attempted armed robbery of Hajek. At issue is whether those confessions were properly admitted at trial.

The illegality of an arrest does not necessarily prevent the admission of a defendant's post-arrest statement confessing to a crime. "Evidence collected following an illegal arrest may be admissible if it is sufficiently attenuated from any illegality." Klimawicze, 352 Ill. App. 3d at 19. There are four factors to consider in deciding attenuation: (1) whether Miranda warnings

were given; (2) the amount of time between the defendant's arrest and his statement; (3) whether there were intervening circumstances; and (4) the degree of flagrancy of police misconduct. Klimawicze, 352 Ill. App. 3d at 19, citing Brown v. Illinois, 422 U.S. 590, 603-04, 45 L. Ed. 2d 416, 427, 95 S. Ct. 2254, 2261-62 (1975). "Typically, intervening circumstances and flagrancy of police misconduct are the two key factors in determining whether police exploited the illegal arrest to obtain a confession. [Citations.]" Klimawicze, 352 Ill. App. 3d at 19.

We considered attenuation in defendant's first appeal and found that the record was not sufficient to address whether there were intervening circumstances. Hopkins I, 363 Ill. App. 3d at 983. We said:

"The record shows that defendant testified that he did not receive Miranda warnings and that the police engaged in misconduct. The police officers gave testimony rebutting defendant's claims, including their statements that Miranda warnings were given repeatedly and that the police did not engage in misconduct. The trial court's conclusion that the officers' testimony was more credible than defendant's was not against the manifest weight of the evidence and will not be disturbed on review. The amount of time between defendant's arrest and his statement can be calculated at approximately six hours based on documents of record. The key information that is not available in the record is on the question of whether there were intervening circumstances." Hopkins I, 363 Ill. App. 3d at 983.

Intervening circumstances are those that break the causal connection between the taint of

unconstitutional police conduct and the defendant's confession. Klimawicze, 352 Ill. App. 3d at 20. For example, confronting a suspect with new information, such as a witness's or co-conspirator's statement, will support attenuation if it is capable of inducing a voluntary desire to confess and was legally obtained. People v. Wilberton, 348 Ill. App. 3d 82, 86, 809 N.E.2d 745 (2004). In Hopkins I, we held that Sampson's statement may have induced a voluntary desire in defendant to confess, but it was unclear from the record whether defendant was confronted with the statement. Hopkins I, 363 Ill. App. 3d at 984. It was for this reason that we remanded for an attenuation hearing. Hopkins I, 363 Ill. App. 3d at 984.

On remand, the State presented police testimony that defendant confessed to the attempted armed robbery of Hajek immediately after being confronted with Sampson's statement. Defendant did not present rebuttal evidence and the trial court held defendant's confession was sufficiently attenuated from the illegal arrest to make admission of that statement proper. Defendant appeals.

We apply a mixed standard of review in addressing the propriety of the trial court's finding that defendant's confessions were admissible despite the illegal arrest. See People v. Pitman, 211 Ill. 2d 502, 512, 813 N.E.2d 93 (2004). The trial court's findings of fact will not be reversed unless they are against the manifest weight of the evidence. Pitman, 211 Ill. 2d at 512. But "a reviewing court remains free to undertake its own assessment of the facts in relation to the issues presented and may draw its own conclusions when deciding what relief should be granted." Pitman, 211 Ill. 2d at 512. For this reason, we determine *de novo* "the ultimate question of whether the evidence should be suppressed." Pitman, 211 Ill. 2d at 512.

Defendant argues that Sampson's statement was illegally obtained and, for this reason, cannot be an attenuating circumstance. See People v. Jackson, 374 Ill. App. 3d 93, 105, 869 N.E.2d 895 (2007) (illegally obtained statement from a codefendant is not an attenuating circumstance); People v. Clay, 349 Ill. App. 3d 517, 524, 812 N.E.2d 473 (2004) (same); Austin, 293 Ill. App. 3d at 789-91 (same); People v. Beamon, 255 Ill. App. 3d 63, 70, 627 N.E.2d 316 (1993) (same). The State does not contest this rule of law. Instead, the State argues there is no evidence in the record from which to conclude that Sampson's arrest was illegal. Defendant responds that the State had an affirmative duty to show that Sampson's statement was legally obtained, pointing out that it is the State's burden of proving attenuation by clear and convincing evidence (see People v. Foskey, 136 Ill. 2d 66, 86, 554 N.E.2d 192 (1990)).

We find Klimawicze persuasive authority for finding that the State is not required to prove the legality of intervening evidence. The defendant in Klimawicze confessed to killing her mother after being confronted with two statements, one made by a codefendant and another made by a witness. Klimawicze, 352 Ill. App. 3d at 17-18. On appeal, this court looked at whether those statements purged the taint of the defendant's illegal arrest, noting that to do so, the statements must have been legally obtained. Klimawicze 352 Ill. App. 3d at 20. The codefendant had challenged his arrest at trial but was unsuccessful and did not raise the issue again in his direct appeal. Klimawicze 352 Ill. App. 3d at 21. The court held: "Based on the record, we have no reason to doubt the legality of [the codefendant's] arrest." Klimawicze 352 Ill. App. 3d at 21. With respect to the witness's statement, the court noted that although the defendant contended that the witness was detained without probable cause, she did not support

her contention with specific facts or applicable law. Klimawicze 352 Ill. App. 3d at 21. The court held: "Bare contentions lacking sufficient legal argument do not warrant our consideration." Klimawicze 352 Ill. App. 3d at 21. The court concluded that both statements supported attenuation. Klimawicze 352 Ill. App. 3d at 23.

The Klimawicze court not only relied on the record to determine the legality of the intervening evidence, but also implied, in the case of the witness's statement, that the defendant had the duty to show the statement was illegally obtained. Klimawicze 352 Ill. App. 3d at 21. But *cf.* People v. James, 118 Ill. 2d 214, 226, 514 N.E.2d 998 (1987) (a defendant does not have standing to challenge the admission of evidence obtained in violation of another's personal privacy rights). The majority of Illinois courts addressing this issue have relied on the record to determine the legality of intervening evidence. See Clay, 349 Ill. App. 3d at 520-21, 525 (record contained evidence that codefendant's statement was illegally obtained); People v. Bates, 267 Ill. App. 3d 503, 506-07, 642 N.E.2d 774 (1994) (same); Beamon, 255 Ill. App. 3d at 64-66, 69-70 (same); People v. Avery, 180 Ill. App. 3d 146, 154-56, 534 N.E.2d 1296 (1989) (same). But defendant cites Austin, where the court concluded a witness's statement could not serve as an intervening circumstance despite the lack of showing in the record that the statement was illegally obtained. Austin, 293 Ill. App. 3d at 789.

Without probable cause, the police in Austin took the defendant and three other men into custody for questioning on a murder that had been committed two months earlier. Austin, 293 Ill. App. 3d at 785. One of the men, Kevin Taylor, made a statement implicating the other three in the crime. Austin, 293 Ill. App. 3d at 786-87. Taylor's statement prompted confessions from

the other three. Austin, 293 Ill. App. 3d at 787. The defendant moved to suppress his confession on the ground that Taylor's statement was illegally obtained. Austin, 293 Ill. App. 3d at 789. The trial court disagreed, holding there was no basis on which to find that Taylor had been illegally arrested since Taylor was not charged. Austin, 293 Ill. App. 3d at 789. This court reversed the trial court, apparently relying on the fact that Taylor was taken into custody at the same time as the defendant, who was arrested without probable cause. Austin, 293 Ill. App. 3d at 789. This court held Taylor's statement could not be used as an intervening circumstance to break the causal connection between the defendant's illegal arrest and his subsequent confession. Austin, 293 Ill. App. 3d at 789-91. To the extent Austin can be read to hold that a witness's or codefendant's statement may not serve as an intervening circumstance without an affirmative showing in the record that the statement was legally obtained, we respectfully disagree.

We believe, in a case such as this one, where a witness's or codefendant's statement induces an accused to confess, that statement will be deemed an intervening circumstance supporting attenuation absent evidence, made part of the record, that the statement was illegally obtained. The record here does not contain evidence that Sampson's statement was illegally obtained. Sampson pled guilty to attempted armed robbery and did not challenge his arrest or confession. The fact that Sampson was arrested at approximately the same time as defendant and in the same general area is not sufficient to overcome the presumption that the statement was legally obtained. We conclude the State met its burden of proving by clear and convincing evidence that defendant's confession was sufficiently attenuated from his illegal arrest and admissible into evidence on this ground.

Defendant alternatively argues Sampson's statement can only act to attenuate his confession to the attempted armed robbery of Beverly Hajek and not his confession, made more than a day later, of the armed robbery of Alfonso Casarrubias. Defendant's argument fails to take into account that police had intervening probable cause to keep defendant in custody after his first confession. See People v. Wilberton, 348 Ill. App. 3d 82, 87, 809 N.E.2d 745 (2004), citing People v. Morris, 209 Ill. 2d 137, 157-58, 807 N.E.2d 377 (2004) (intervening probable cause is an important factor in the attenuation analysis), *overruled in part,* Pitman, 211 Ill. 2d at 513-14 (overruled Morris to the extent it was inconsistent with the standard of review set forth in Ornelas v. United States, 517 U.S. 690, 134 L. Ed. 2d 911, 116 S. Ct. 1657 (1996)). The supreme court has explained: "it would place an unreasonable burden on police *** to release an illegally arrested defendant and then, based on probable cause obtained after an illegal arrest, arrest him again when he reached the sidewalk." Morris, 209 Ill. 2d at 159. Defendant was legally in custody when he confessed to the armed robbery of Casarrubias.

The judgment of the circuit court is affirmed.

Affirmed.

WOLFSON and R.E. GORDON, JJ., concur.