2015 IL App (1st) 123695

FIRST DIVISION
July 27, 2015

No. 1-12-3695

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 07 CR 18183 |
| | ) | |
| CHARLES JACKSON, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Cunningham concurred in the judgment and opinion.

## OPINION

¶ 1     After a bench trial, the circuit court found defendant, Charles Jackson, guilty of first degree murder, but mentally ill.   In his initial appeal to this court, defendant argued that the trial court abandoned its role as a neutral and impartial arbiter of fact due to its questioning of his expert witness, its interjection of its own personal knowledge, and its disregard of certain evidence.   *People v. Jackson*, 409 Ill. App. 3d 631, 632 (2011).   The majority of this court reversed the judgment of the circuit court and remanded the matter for a new trial holding that "the trial court abandoned its role as a neutral and impartial arbiter of fact by adopting a prosecutorial role when questioning defendant's expert witness and by relying on matters based on private knowledge of the trial court that were outside the record."   *Id.*   On remand, defendant filed a motion to bar the State from seeking a finding of guilty of first degree murder and limit it to seeking a finding of guilty, but mentally ill, based on the prohibition against

double jeopardy, the doctrine of collateral estoppel, and *res judicata*. The circuit court denied the motion, and defendant filed this interlocutory appeal.

¶ 2   Defendant raises two issues for our review: (1) whether the prohibition against double jeopardy bars the State from seeking a verdict of guilty of first degree murder as opposed to a verdict of guilty, but mentally ill; and (2) whether the doctrine of collateral estoppel bars the State from seeking a verdict of guilty of first degree murder based on the circuit court's finding of guilty, but mentally ill, at defendant's first trial. We hold that retrial of defendant for first degree murder does not offend the prohibition against double jeopardy because the judgment of the circuit court in defendant's initial trial was reversed due to trial errors, not evidentiary insufficiency. We further hold that the doctrine of collateral estoppel does not apply here due to the absence of different causes of action and a final adjudication on the merits.

¶ 3                                          JURISDICTION

¶ 4   On July 9, 2012, the circuit court denied defendant's motion to bar retrial of the charge of first degree murder based on principles of double jeopardy, *res judicata*, and collateral estoppel. The circuit court denied defendant's subsequent motion for reconsideration on November 2, 2012. On November 19, 2012, defendant filed his notice of interlocutory appeal under Illinois Supreme Court Rule 604(f). Ill. S. Ct. R. 604(f) (eff. Dec. 11, 2012). Illinois Supreme Court Rule 604(f) provides that a "defendant may appeal to the Appellate Court the denial of a motion to dismiss a criminal proceeding on grounds of former jeopardy." *Id.* Accordingly, we have jurisdiction pursuant to Illinois Supreme Court Rule 604(f). *Id.*

¶ 5                                    BACKGROUND

¶ 6      A detailed account of defendant's trial and initial appeal is well stated in this court's 2011 opinion. *People v. Jackson*, 409 Ill. App. 3d 631 (2011). Accordingly, we will only discuss below the facts relevant to defendant's present appeal.

¶ 7      Defendant stood trial for first degree murder in connection with the July 27, 2010, shooting of his son-in-law, Pierre Champliss. At his bench trial, defendant raised the defense of insanity. Dr. Bruce Frumkin, an expert in forensic psychology, testified on defendant's behalf. Dr. Frumkin testified that defendant was not sane at the time of the shooting. Dr. Sharon Coleman, also an expert in forensic psychology, and Dr. Nishad Nadkarni, an expert in forensic psychiatry, testified on the State's behalf. Both Dr. Coleman and Dr. Nadkarni testified that defendant was sane at the time of the shooting. The circuit court found defendant guilty, but mentally ill. The circuit court noted that it found defendant's behavior during and after the shooting to be a factor in its decision. The circuit court also found Dr. Coleman's testimony to be "one of the more fact driven opinions in the case."

¶ 8      On appeal, defendant argued, pursuant to the plain-error doctrine, that he was denied a fair trial because the circuit court abandoned its role as a neutral and impartial arbiter of fact. Defendant argued that the trial court assumed the role of prosecutor during the questioning of his expert witness regarding defendant's sanity; it interjected its own personal knowledge regarding matters outside of the record; and it disregarded evidence. *Id.* at 632. This court decided to review defendant's claims of error under the second prong of the plain-error doctrine because it affected his right to a fair trial. *Id.* at 646. The majority of this court held that the circuit court adopted a prosecutorial role in questioning defendant's expert witness and relied on matters of prior private knowledge in reaching its decision. *Id.* at 647-50. Therefore, the majority of this

court held that the circuit court abandoned its role as the neutral and impartial arbiter of fact. *Id.* The dissenting justice opined that the circuit court did not abuse its discretion in questioning defendant's expert witness and did not rely on matters outside of the record. *Id.* at 650-58 (Connors, J., dissenting). Accordingly, the majority of this court reversed the judgment of the circuit court and remanded the matter for a new trial in front of a different circuit court judge. *Id.* at 650. Our supreme court denied the State's subsequent petition for leave to appeal. *People v. Jackson*, No. 112448 (Ill. Sept. 28, 2011).

¶ 9    On July 9, 2012, defendant filed a motion to bar the State from seeking a finding of guilty of first degree murder and limit it to seeking a finding of guilty, but mentally ill, based on the prohibition against double jeopardy, collateral estoppel, and *res judicata*. Defendant argued that at his first trial, the State argued that he was guilty of first degree murder and that he was not mentally ill. The circuit court, however, rejected the State's contention and found defendant guilty, but mentally ill. Defendant pointed out that a finding of guilty, but mentally ill, is distinct from a finding of guilty because it conveys a different moral judgment and results in different treatment while incarcerated. Accordingly, defendant argued that the double jeopardy clauses of both the Illinois and federal constitutions prohibit the State from forcing him to face trial on a matter already decided in his first trial. Defendant further argued that the principles of collateral estoppel and *res judicata* similarly bar the relitigation of the circuit court's finding that defendant was guilty, but mentally ill.

¶ 10    The circuit court denied defendant's motion. The circuit court reasoned that jeopardy did not attach against the guilty verdict and that there is no difference in the sentencing of a verdict of guilty and guilty, but mentally ill. In response to defendant's collateral estoppel argument, the court noted that it did not know if defendant would put forth an insanity defense.

¶ 11     On August 7, 2012, defendant filed a motion to reconsider the denial of his motion to bar the State from seeking a guilty verdict.   In his motion to reconsider, defendant explained that he would raise an insanity defense at trial.   He also argued that he may pursue another alternative defense in conjunction with the insanity defense.

¶ 12     In response, the State argued that the double jeopardy clause does not preclude retrial of judgments reversed due to trial errors.   Rather, the State pointed out that the double jeopardy clause only prohibits retrial where reversal was due to evidentiary insufficiency.   The State further argued that there is no substantial difference between a verdict of guilty and a verdict of guilty, but mentally ill.   Accordingly, the State asked that the circuit court deny defendant's motion because the matter was remanded for retrial due to a procedural error and not due to evidentiary insufficiency.

¶ 13     After oral argument on the matter, the circuit court denied defendant's motion to reconsider and put forth the following reasoning for its decision:

> "The Appellate Court had some concerns about the trial, and there was some concerns about the propriety of the verdict reached because the trial was infected.   I don't believe that jeopardy has attached.   I believe the Appellate [Court] wants there to be a new trial where both sides will be able to present their case as they wish to do so without interference, the type of interference that occurred in the first trial."

¶ 14     On November 19, 2012, defendant filed his notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 604(f).   Ill. S. Ct. R. 604(f) (eff. Dec. 11, 2012).

¶ 15                                   ANALYSIS

¶ 16    Defendant argues before this court that the State should be precluded from seeking a guilty verdict of first degree murder upon retrial.   At most, defendant argues that the State should only be allowed to obtain a verdict of guilty, but mentally ill.   Accordingly, defendant asks this court to reverse the circuit court's denial of his motion to bar the State from seeking a finding of guilty of first degree murder and limit it to seeking a finding of guilty, but mentally ill.[1]

¶ 17    Both of defendant's claims of error present questions of law.    Therefore, our review is *de novo*.   *People v. Daniels*, 187 Ill. 2d 301, 307 (1999) (applying *de novo* standard of review to review of double jeopardy and collateral estoppel claims of error).

¶ 18                                 Double Jeopardy

¶ 19    Defendant first argues that the prohibition against double jeopardy bars the State from seeking a finding of guilty of first degree murder in his upcoming trial.   Defendant likens the prior verdict of guilty, but mentally ill, to a conviction of second degree murder where retrial for first degree murder is barred by the double jeopardy clause.   Defendant maintains that a finding of guilty, but mentally ill, is distinct and different than a finding of guilty of first degree murder. Accordingly, defendant argues that the circuit court erred when it denied his motion to bar the State from seeking a finding of guilty of first degree murder and limit it to seeking a finding of guilty, but mentally ill.

---

[1] Before the circuit court, defendant based his motion on the prohibition against double jeopardy, collateral estoppel, and *res judicata*.   Defendant has waived his *res judicata* argument as he has did not raise it in his opening brief before this court.   See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."); Ill. S. Ct. R. 612(i) (eff. Feb. 6, 2013).

¶ 20    In response, the State argues that a finding of guilty, but mentally ill, bears no legal or factual distinction from a simple finding of guilt because the offender is not relieved of his criminal responsibility for his actions.    The State argues that a finding of guilty, but mentally ill, is not a lesser included offense of a simple finding of guilt or an implied acquittal. Furthermore, the State argues that the distinctions between a verdict of guilty, but mentally ill, and a guilty verdict are irrelevant for double jeopardy purposes because in this case the matter was remanded for a new trial based on trial errors, not evidentiary insufficiency.

¶ 21    The double jeopardy clause of the fifth amendment "provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' "    *People v. Mink*, 141 Ill. 2d 163, 173 (1990) (quoting U.S. Const., amend. V).    Similarly, the Illinois "[C]onstitution likewise provides that no person shall 'be twice put in jeopardy for the same offense.' "    *Id.* (quoting Ill. Const. 1970, art. I, § 10).    "The double jeopardy clause prohibits retrial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to present in the first proceeding."    *People v. Lopez,* 229 Ill. 2d 322, 367 (2008).    Where it is determined that the evidence at trial was insufficient to sustain a conviction, the State is barred by the double jeopardy clause from retrying the defendant.    *Id.*    The double jeopardy clause, however, does not prohibit "retrial of a defendant whose conviction is set aside because of an error in the proceedings leading to the conviction."    *Mink*, 141 Ill. 2d at 173.    "Reversal for trial error is a determination that the defendant has been convicted through a judicial process which is defective in some fundamental respect***."    *Id.*

¶ 22    If a criminal defendant raises the defense of insanity, section 115-3(c) of the Code of Criminal Procedure of 1963 allows an alternative verdict of guilty, but mentally ill.    725 ILCS 5/115-3(c) (West 2012).    In order to do so, the trial court must find defendant guilty beyond a

reasonable doubt, that defendant failed to prove insanity, and that defendant proved his mental illness by a preponderance of the evidence. *Id.* Notably, a person found not to be insane but still guilty, but mentally ill, "is not relieved of criminal responsibility for his conduct." 720 ILCS 5/6-2(c) (West 2012). When sentencing a defendant found guilty, but mentally ill, the circuit court "may impose any sentence upon the defendant which could be imposed pursuant to law upon a defendant who had been convicted of the same offense without a finding of mental illness." 730 ILCS 5/5-2-6(a) (West 2012). The Department of Corrections, however, "shall cause periodic inquiry and examination to be made concerning the nature, extent, continuance, and treatment of the defendant's mental illness" and provide for the appropriate mental treatment (730 ILCS 5/5-2-6(b) (West 2012)). As the above statutory scheme shows, an offender found guilty, but mentally ill "is no less guilty than one who is guilty and not mentally ill." *People v. Crews*, 122 Ill. 2d 266, 278 (1988).

¶ 23    After reviewing the record in this matter, including defendant's initial appeal, we hold that the prohibition against double jeopardy does not preclude the State from seeking a guilty verdict, as opposed to a verdict of guilty, but mentally ill, upon retrial because this court remanded the matter based on trial errors. Defendant raised three issues in his initial appeal. Specifically, he argued that the circuit court abandoned its role as a neutral when it adopted a prosecutorial tone when questioning defendant's expert witness; it considered matters outside the record; and it disregarded evidence. *Jackson*, 409 Ill. App. 3d at 632. He did not, however, raise any issues challenging the sufficiency of the State's evidence against him. We in turn held that "the trial court abandoned its role as a neutral and impartial arbiter of fact by adopting a prosecutorial role when questioning defendant's expert witness and by relying on matters based on private knowledge of the trial court that were outside the record." *Id.* The circumstances

of defendant's initial appeal show that he did not challenge the sufficiency of the evidence against him and that this court remanded the matter based on trial errors committed by the circuit court. Specifically, this court reversed the judgment of the trial court based on the trial court's conduct at trial. *Id.* Unlike reversals due to evidentiary insufficiency, reversals based on trial error do not offend principles of double jeopardy. *Mink*, 141 Ill. 2d at 173. Therefore, the prohibition against double jeopardy does not apply here because the reversal of defendant's initial trial was based solely on trial errors, not evidentiary insufficiency.

¶ 24                                    Collateral Estoppel

¶ 25    Defendant next argues that pursuant to the doctrine of collateral estoppel, he should not have to prove that he was mentally ill a second time upon retrial. According to defendant, the issue of his mental illness had been fully adjudicated at his initial trial.

¶ 26    In response, the State argues that defendant's collateral estoppel argument is "nonsensical" because it would relieve defendant of the burden of proving his mental illness at trial. See 725 ILCS 5/115-3(c) (West 2012). The State further argues that collateral estoppel is not appropriate because the adjudication of defendant's mental illness at his initial trial was only an evidentiary fact, not an ultimate fact amenable to the application of the doctrine of collateral estoppel.

¶ 27    The doctrine of collateral estoppel precludes relitigation of issues resolved in a prior case. *People v. Tenner*, 206 Ill. 2d 381, 396 (2002). Collateral estoppel is a component of the double jeopardy clause. *People v. Carrillo*, 164 Ill. 2d 144, 151 (1995). "The doctrine applies when a party participating in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former case by a court of competent jurisdiction."

(Emphasis in original.) *People v. Hopkins*, 235 Ill. 2d 453, 468 (2009). "The collateral estoppel doctrine has three requirements: (1) the court rendered a final judgment in the prior case; (2) the party against whom estoppel is asserted was a party or in privity with a party in the prior case; and (3) the issue decided in the prior case is identical with the one presented in the instant case." *Tenner*, 206 Ill. 2d at 396.

¶ 28    We hold that the doctrine of collateral estoppel does not apply here because there are not two different causes of action and because there has not been a final adjudication on the merits. In *Hopkins*, a case cited by neither party here, our supreme court rejected a defendant's collateral estoppel argument under similar circumstances. *Hopkins*, 235 Ill. 2d at 468-70. A jury convicted the defendant in *Hopkins* of armed robbery and attempted armed robbery. *Id.* at 457. This court, on direct appeal, *i.e.*, *Hopkins I*, vacated the defendant's convictions and sentences and remanded the matter for an attenuation hearing. *Id.* (citing *People v. Hopkins*, 363 Ill. App. 3d 971 (2005)). After the attenuation hearing, the circuit court reinstated the defendant's convictions and sentences. *Hopkins*, 235 Ill. 2d at 458. This court affirmed the reinstatement of the conviction and sentence. *People v. Hopkins*, 382 Ill. App. 3d 935 (2008). Before our supreme court, however, the State sought cross-relief and argued that this court in *Hopkins I* erroneously held that defendant's arrest lacked probable cause. *Hopkins*, 235 Ill. 2d at 458. Our supreme court agreed with the State that probable cause to arrest the defendant existed. *Id.* In so holding, our supreme court rejected the defendant's argument that the State was precluded by the doctrine of collateral estoppel from raising the issue of probable cause. *Id.* at 468. Our supreme court first reasoned that only one cause of action existed, stating that estoppel "does not apply to the direct appeal scenario presented here, where there is only *one* cause of action and the issue of probable cause is being addressed at different stages of that single cause of action."

(Emphasis in original.) *Id.* at 469. Our supreme court additionally noted that there had not been a final judgment entered in the matter, stating "as the appellate process is clearly still proceeding in this case, the finality of the judgment cannot be established." *Id.*

¶ 29 As in *Hopkins*, there is only one cause of action at issue in this case, which is defendant's trial for the murder of Pierre Chambliss on July 27, 2010. We do not have "two separate and consecutive cases arising on *different* causes of action" as required under the doctrine of collateral estoppel. (Emphasis in original.) *Id.* at 468. Furthermore, there has not been a final judgment entered in this case because the appellate process has not been exhausted. As this decision shows, defendant's case is ongoing. We therefore reject defendant's reliance on the doctrine of collateral estoppel in arguing that the State should be barred from seeking a verdict of guilty as opposed to a verdict of guilty, but mentally ill.

¶ 30 Accordingly, the circuit court in this matter properly denied defendant's motion to bar the State from seeking a finding of guilty of first degree murder. We note that defendant indicated in his motion to reconsider that he plans to again raise the defense of insanity. In light of those plans, we stress that we make no opinion regarding defendant's mental state during the commission of the crime. Rather, our holding is limited to defendant's claims regarding the prohibition against double jeopardy and the doctrine of collateral estoppel. Specifically, we hold that retrial of defendant for first degree murder does not offend the prohibition against double jeopardy because the judgment of the circuit court in defendant's initial trial was reversed due to trial errors, not evidentiary insufficiency. We further hold that the doctrine of collateral estoppel does not apply in this case due to the absence of different causes of action and a final adjudication on the merits. We therefore affirm the judgment of the circuit court and remand the matter for proceedings consistent with this decision.

¶ 31                                    CONCLUSION

¶ 32    The judgment of the circuit court of Cook County is affirmed and remanded.

¶ 33    Affirmed and remanded.

THE PEOPLE OF THE STATE OF ILLINOIS,

                Plaintiff-Appellee,

      v.

CHARLES JACKSON,

                Defendant-Appellant.

No. 1-12-3695

Appellate Court of Illinois
First District, First Division

July 27, 2015

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Cunningham concurred in the judgment and opinion.

Appeal from the Circuit Court of Cook County.

The Honorable James B. Linn, Judge Presiding.

Abishi C. Cunningham, Jr., Public Defender, County of Cook, 69 West Washington Street, 15th Floor, Chicago, IL 60602, (Harold J. Winston and Marc Stahl, of counsel), for APPELLANT.

Anita Alvarez, State's Attorney, County of Cook, Room 309, Richard J. Daley Center, Chicago, IL 60602, (Alan J. Spellberg, of counsel), for APPELLEE.